# CHARLESTON.

MAXWELL *v.* MARTIN.

Submitted September 5, 1891.—Decided November 28, 1891.

APPEAL—REHEARING.
> Where a party has filed a petition for rehearing or bill of review for error of law in the Circuit Court, he can not, while it is pending undetermined, appeal to this court.

*U. G. Young* for appellants, cited 2 Worn. Am. L. Ad. § 491; 23 W. Va. 26; 32 Gratt. 215; 2 Beas. 138; 29 W. Va. 784; 2 Lom. Ex. (2d Ed.) 167; 6 Rand. 590; Id. 587; 1 Leigh 490; Code (1887) c. 86, ss. 7, 8; 8 W. Va. 321; 1 Munf. 427; 3 Munf. 520; 3 Leigh 736; 28 W. Va. 378; 8 W. Va. 219; 3 W. Va. 480; 33 W. Va. 600; 23 W. Va. 565; 13 W. Va. 440; 21 W. Va. 83; Code (1887) c. 139, s. 7; 23 W. Va. 558; 54 Vt. 293; 77 Ind. 437; 21 Mo. App. 296.

*Dayton & Dayton* and *S. V. Woods* for appellee, cited 23 W. Va. 26; Code c. 86, s. 3; 9 Gratt. 449; 24 W. Va. 599; Code, c. 133, s. 8; 19 W. Va. 159; Id. 135.

BRANNON, JUDGE:

Franklin Maxwell having brought a chancery suit in the Circuit Court of Barbour county against the representatives of Jonathan H. Coburn and others, to assert a debt against land left by Coburn at his death, a decree was rendered therein ascertaining debts against it and subjecting it, and subsequently one confirming a sale of the land. Margaret Coburn filed a petition asking a review and reversal of the decree of sale, and for other relief which she claimed; and Martha Tracy also filed her petition asking a review and reversal of the same decree, and for the relief which she asked.

In view of our decision of the appeal, no further statement is necessary. Without awaiting action upon their petitions, they appealed to this Court from the same decree.

We can not consider their cases on their merits. Mrs. Tracy did not answer the bill, and the decree was on a bill taken for confessed as to her. She can not appeal, until she shall have asked relief under section 6, c. 134, Code. Her right is separate from that of Margaret Coburn, not joint with her. She can not appeal for the further reason that her petition or bill of review is undetermined.

Margaret Coburn, though she answered, and thus is not debarred from appeal as if she had not answered, also elected to file such petition or bill of review, and can not appeal while it is pending. They both elected that mode of relief; the court entertained them, and has not performed its functions as to that chosen mode of relief. Can a party carry on in the lower court a bill of review for error of law and an appeal at the same time for the same error? Can they both proceed at the same time, to end, perhaps, in inconsistent decrees? It seems to me that confusion is avoided by holding that both can not go on at the same time. It is "the policy of law to permit courts below to correct and modify their proceedings by amendments and other legal means, so as to cure and obviate errors, so far as they can or will, in accordance with law, and that the appellate court will not interfere until they have exhausted their power to do so by final judgment." Pow. App. Proc. 410.

The appeal is dismissed as improvidently granted, but without prejudice.

DISMISSED.