# CHARLESTON.

GILLESPIE *v.* ALLEN *et al.*

Submitted January 27, 1893.—Decided March 25, 1893.

1. APPEAL—BILL OF REVIEW.

The pendency of a bill of review on the sole ground of after-discovered evidence will not prevent an appellant from prosecuting his appeal in this Court from the decree sought to be reviewed, as the questions presented to the two tribunals by the separate proceedings are entirely distinct, and no confusion can arise from their separate determination.

2. FRAUDULENT CONVEYANCE.

Where the uncontroverted facts in the case show that a debtor, for the purpose of escaping a pursuing creditor, conveys his real estate to a purchaser even for value, who has knowledge of the creditor's pursuit and is aiding the debtor to escape the same, such purchaser will be held to have participated in the fraudulent purpose of his grantor and his conveyance will be avoided as to such creditor.

G. W. ATKINSON for appellant cited 9 Gratt. 503; 17 W. Va. 717; 23 W. Va 639; 34 W. Va. 95; 30 W. Va. 619; 35 W. Va. 384; Bump Fraud. Conv. 34, 36, 37, 49, 51, 54, 205, 207; Wait Fraud. Conv.

R. H. FREER and A. SMITH for appellees cited 35 W. Va. 384; 23 W. Va. 639; Bump Fraud. Conv. 215; 4 Rand. 282; 6 Rand. 285; 17 W. Va. 717; 35 W. Va. 547; 28 Gratt. 49; Bisp. Eq. §§ 45, 214–264; 11 W. Va. 229; 34 W. Va. 95; 23 W. Va. 639; Waite Fraud. Conv. 22, 23.

DENT, JUDGE:

On the 16th day of June, 1884, the appellant, William H. Gillespie, sold and conveyed to Charles L. Allen a certain tract of land containing about thirty nine acres in consideration of four hundred dollars, part of which was satisfied by the assignment to said Gillespie by said Allen of three several notes of John W. Garrison, of eighty seven dollars and fifty cents each, dated June, 14, 1884, and which were a purchase-money lien on a certain tract of land sold by said Allen to said Garrison. The notes were not assigned without recourse. After one of the notes became due, Gillespie instituted suit against Garrison, making Allen a party, to enforce the vendor's lien against Garrison's land. The land was sold to William Baker, but failed to bring sufficient to pay the purchase-money.

Gillespie immediately took steps to recover the unpaid purchase-money of Allen. On the 6th day of September he brought suit with this end in view and caused summons to be forthwith served. On the 8th of September Allen conveyed his land to defendant Baker, his uncle, who had been performing a father's part by him, in consideration of four hundred and twenty five dollars, the receipt of which was acknowledged in full in the deed, but from the evidence was paid as follows: three notes held by Baker against Allen, amounting to one hundred and seventy three dollars; sixty five dollars assumed by one William P. Long; fifty four dollars to W. N. Gillespie; fifty dollars cash; and eighty three dollars by note, payable one day after date, and paid before Gillespie could obtain a judgment, and to pay which Baker borrowed the money.

Allen and Baker both attended the trial before the justice, but made no serious defence other than that the suit, was prematurely brought on one of the purchase-money notes not due, and permitted judgment to go for the balance of the notes then due. When the other became due, Gillespie obtained judgment for the same without any defence being interposed.

Gillespie then began proceedings seeking to set aside the conveyance made by Allen to Baker alleging fraud. Allen and Baker both answered, denying the fraud. Gillespie re-

plied generally to these answers, and the parties took the testimony of the numerous witnesses, much of whose testimony was merely hearsay and improper. The Circuit Court, on a final hearing of the case on its merits, dismissed the suit at the costs of plaintiff, who appeals to this Court from said decree. The appellee Baker moved to dismiss the appeal, for the reason that the plaintiff had filed a bill of review in the Circuit Court, since dismissed.

In the case of *Maxwell* v. *Martin*, 35 W. Va. 384, this Court held that an appeal will be dismissed as improvidently awarded, when it appears that the appellants are prosecuting a bill of review for the same errors of law in the lower court, to avoid confusion and to permit the Circuit Court to correct its errors of law in the first instance, if any have been committed. But the reasons for that determination will not hold good in this case, where the bill of review was not filed to correct errors of law, but solely because of after-discovered evidence. No confusion can arise in such case. If the decision of the Circuit Court should be reversed, then the bill of review would probably prove unnecessary or only cumulative; but, if it should be affirmed, that affirmation could in no wise affect the bill of review. If the bill of review should be sustained by the lower court, an appeal could be had without disturbing the original decree, and the same might be reversed, and the original decree remain in force, when it would be too late to be disturbed by an appeal, however erroneous it might be. There appears no good reason why these two proceedings might not be maintained at the same time, but certainly, after the bill of review is dismissed, it can not possibly interfere with the prosecution of an appeal in this Court even though instituted prior thereto. The motion to dismiss is overruled.

It is the settled law of this State, sustained by the repeated decisions of this Court under the statute relating to fraudulent conveyances, that where a debtor conveys away his property with intent to get it beyond the reach of a pursuing creditor to a purchaser even for value, who has notice of the intention of the debtor and aids and abets him in getting his property beyond the reach of the creditor's pur-

suit, such purchaser will be held to participate in the debtor's fraud, and his conveyance will be avoided at the instance of such creditor.

In this case William Baker knew of the indebtedness, recognized its justice and aided his nephew to evade its payment by becoming the purchaser of his property and by paying the purchase-money in such way as to conceal the truth of the transaction. He not only, according to his own evidence, paid Allen fifty dollars in cash at the time of the delivery of the deed, which acknowledged payment in full, and after suit was commenced by Gillespie, but hastened to borrow money of other parties, to pay his nephew, before judgment could be obtained, the amount of the eighty three dollars, while he left debts assumed to strangers unpaid.

Why this haste to pay his nephew? Could he have had any other reason for it but the desire to get the money beyond the reach of Gillespie before judgment could be obtained? By their mutual efforts, Allen was enabled to attend the trial before the justice with one hundred and thirty three dollars cash in his pocket, far more than sufficient to satisfy the judgment obtained, and yet made no effort to pay it. It is true they both claim that Allen had sufficient personal property to satisfy these judgments had executions been issued. The best evidence of this fact would have been the payment of the judgments. This must be viewed as a mere excuse to justify the fraud perpetrated. Baker may have paid his nephew, Allen, the full value of his land, but in doing so he knowingly aided him to get his property beyond the reach of the appellant. He must therefore be held liable to the appellant's claim to the full value of the property conveyed.

For the foregoing reasons the decree of the Circuit Court is reversed, and the deed of Charles L. Allen to William Baker, dated the 8th day of September, 1886, is avoided as to the judgments of the plaintiff, William H. Gillespie, and this cause is remanded to be further proceeded with according to the rules of equity.

REVERSED. REMANDED.