# CHARLESTON.

Woods, Special Commissioner, v. Campbell et al.

Submitted June 9, 1898—Decided Nov. 17, 1898.

45    203
47     91
45    203
48     36
48    308
45    203
s57    35

1.  Equity—*Laches—Commissioner in Chancery.*

By a decree confirming a sale of land, two commissioners are appointed to collect and disburse the purchase money on the claims thereto, fixed and determined by a former decree.   One of the commissioners permits the other, who is the attorney for the claimants, to collect and disburse the purchase money, while he remains passive.   Ten years after the death of the active commissioner, twenty-seven years after the date of their appointment, and thirty-one years after the decree fixing the claims and liabilities, the inactive commissioner files a bill to ascertain whether any of the purchase money remains unpaid, and, if so, to resell the land, but fails to allege or show that any of the purchase money remains unpaid, or that any of the claims against the same remain unsatisfied.   Such bill is demurrable· for want of equity.   (p. 206).

2.  Review on Appeal.

Issues not determined by the circuit court will not be considered by this Court on appeal.   (p. 207).

Appeal from Circuit Court, Barbour County.

Bill by Samuel Woods, special commissioner, against George G. Campbell and others.   Decree for plaintiff, and defendants appeal.

*Reversed.*

Samuel V. Woods, for appellants.

Dayton & Dayton, Fred O. Blue, and Shelton L. Reger, for appellee.

Dent, Judge:

On the 18th day of February, 1893, Samuel Woods, special commissioner, filed his bill of complaint in the Circuit Court of Barbour County against George G. Campbell and others, which, among other things, contained the following allegations pertinent to this appeal, to-wit: That on the 3d day of January, 1861, plaintiff and co-commissioner, David Goff, under a decree of said circuit court, sold a certain tract of land, known as the "Gilbert Boyles Farm," to George Campbell, now deceased, and who, together with George G. Campbell, his son (defendant), as his surety, executed his three obligations of eight hundred and fifty three and one-third dollars each, payable in one, two and three years thereafter, with interest, which said notes remain filed in the papers of the cause, never having been drawn therefrom.   Owing to the pendency of the war, said sale was not confirmed until the March term, 1866, when, by a final decree, the said commissioners who had executed a bond for the purpose were directed to collect the purchase money, and, after payment of costs, to disburse the same on the debts decreed, including a debt to George Campbell of eight hundred and forty-three dollars and thirty-four cents, with interest on five hundred and thirty dollars and eighty-six cents from the 9th day of July, 1860, which would necessarily be a credit on his purchase money note; and, on the payment of such purchase money, Samuel Woods, commissioner, was directed to make a deed to the purchaser.   That about the year 1866 George Campbell died, leaving as his only heir George G. Campbell, who by his deed conveyed the land in controversy to his son, Bedford Campbell.   That as plaintiff had been the attorney for Campbells, and David Goff was the attorney for those en-

titled to the proceeds of the sale, and who had been decreed to be paid out of the same, he left the collection of such purchase money to the said Goff. That he knows the said Goff was paid eight hundred dollars on the ———day of September, 1865, and two hundred and twenty-five dollars on the 7th day of December, 1865, on said purchase money; but whether any other sums were paid said Goff, he is not informed. That said David Goff died about the year 1883. That plaintiff received on the first note one hundred and thirty-eight dollars and thirty-five cents, 13th October, 1865, and one hundred dollars, 9th March, 1866, and this was all he received on such purchase money. Plaintiff further alleges that having no certain knowledge that the purchase money due was fully paid David Goff, either as commissioner, or as attorney for A. G. Welch and others, he declined to surrender said obligations, or to convey to said George Campbell or to said George G. Campbell the legal title to said Boyles farm, and he still retains said legal title, and the vendor's lien on said farm, as incident to said legal title, to secure whatever amount of purchase money may not have been in fact paid. And he prays that the defendants may be compelled to answer the allegations of the bill under oath; that the amount remaining unpaid upon said bonds may be ascertained, and declared a vendor's lien on said Boyles farm; and that, unless the same be paid in a reasonable time, the said farm may be sold, and the proceeds applied to the satisfaction of the amount remaining unpaid upon said obligations, etc. The defendants George G. Campbell and Bedford Campbell demurred to this bill on the ground of laches, presumption of payment, and the statute of limitations; and on this demurrer the whole case depends.

The purchase money notes were long since barred By the statute of limitations, and, about twenty-seven years having elapsed since the final decree and the last payment on the debt that is shown to have been made, the presumption of payment undoubtedly arises, unless there is something to relieve this case from the effect of such presumption. The laches in prosecuting this matter is certainly gross, and the only excuse given therefor was that his co-commissioner, David Goff, was the proper party to re-

ceive and disburse the money; and the bill admits that he did so in part, but is not prepared to say as to the residue, having no accurate knowledge on the subject. But the bill, for other reasons, fails to make out a case justifying the aid of a court of equity. It not only fails to allege, except by mere doubtful inference, that any of the purchase money remains unpaid, but even intimates that it has been paid to the plaintiff's co-commissioner; nor does it allege that any of the parties who were entitled to receive such purchase money, after George Campbell's debt was deducted, have not been fully paid and satisfied, although as to them the presumption of payment from lapse of time and laches, unrebutted, is complete, and there is nothing in the face of the bill to show that they are setting up any claim of nonpayment. Without any allegation of the nonreceipt of the necessary amount and the nonpayment of these claims by his co-commissioner, David Goff, and in the face of the presumption raised by the lapse of time and laches, plaintiff seeks to throw upon the defendant, George G. Campbell, the surety in the notes, and heir at law of George Campbell, the burden of proving the full payment thereof, although the bill fails to show any one complaining in regard thereto, except the plaintiff, who is without personal interest, is a mere trustee, and presents no just grounds for the maintenance of his bill. The pretext is that he wants to be relieved in the premises. Relieved of what? He fails to show any liability against himself. It is true, he was to make a conveyance to the purchaser, on full payment of the purchase money. The purchaser is long since dead, and no one is seeking to compel him to make a deed, or to prosecute the claim for unpaid purchase money, or to pay any of the claims decreed over thirty-one years prior to the commencement of his suit. The bill, for want of sufficient equitable allegations, is demurrable.

Two other bills were pretentiously heard together with the plaintiff's bill. No decree, however, is made, granting or refusing the relief sought by them, but all the relief granted is apparently on Wood's bill alone. The original bill of Albert G. Welch and others against George G. Campbell and others was finally ended and deter-

mined by a decree entered of record in March, 1866. In January, 1887, Eberle G. Welch and others filed what they styled a "bill of review and supplemental bill," in which the only relief prayed is that a certain deed made by Samuel Woods, commissioner, be set aside and rendered null and void.   Answers were filed to this bill, setting up matters in bar thereof and demurrer thereto; but such matters remain wholly undetermined, as the final decree does not notice them, other than to refuse a demand for security for costs, and to require other parties, whose names are mentioned, to be made parties thereto.   Why the circuit court has not disposed of the questions raised by this bill and the answer is not disclosed in the record, and, until the circuit court does hear and finally determine these questions, this Court has no appellate jurisdiction of them.   For the foregoing reasons the decree complained of will be reversed, the demurrer to the bill of Samuel Woods, commissioner, sustained, and these causes be remanded to the circuit court, to be heard and finally determined according to the rules and principles of equity.

*Reversed.*