# CHARLESTON.

WETHERED *v.* ELLIOTT *et al.*

(BRANNON, PRESIDENT, and McWHORTER, JUDGE, *dissenting.*)

Submitted June 18, 1898—Decided November 30, 1898.

1.  APPEAL—*Bill of Review—Error.*
      An error of the court in reaching a wrong conclusion as to facts upon the evidence is not correctible by bill of review, but by appeal.   (p. 444).

2.  LACHES—*Newly Discovered Evidence—Bill of Review.*
      If a party allege the finding of a document since the decree which would have been relevant evidence for him on the hearing,

and knew of its existence and contents, though he made diligent search for it before the decree without finding it, yet, if he could have proven its existence and contents by the evidence of witnesses, he should have done so, and cannot on that ground sustain a bill of review.  (p. 443).

3.  BILL OF REVIEW—*Newly Discovered Evidence.*

    A bill of review for newly-discovered evidence will not lie where the evidence is simply confirmatory or cumulative.  It must be decisive in its character,—such as ought, if true, upon rehearing to produce a different decree, and of which the party was ignorant at the time of the decree, and could not have learned by the exercise of reasonable diligence.  (p. 444).

4.  BILL OF REVIEW—*Newly Discovered Evidence—Appeal—Statute of Limitations.*

    When a bill of review is predicated on the sole ground of after-discovered evidence, and during the pendency of said bill of review more than two years elapse after the date of the decree sought to be reviewed, and said bill of review is then dismissed, an appeal from the decree sought to be reviewed will be barred.  (p. 445).

Appeal from Circuit Court, Braxton County.

Bill by P. B. Wethered against C. D. Elliott and others. Decree for plaintiff.  Defendant Elliott filed bill of review, which was dismissed.   From the decrees he appeals.

*Affirmed.*

W. E. HAYMOND, for appellant.

HENRY M. RUSSELL and W. E. R. BYRNE, for appellees C. B. Hart and J. N. Vance.  DULIN & HALL, for other appellees.

ENGLISH, JUDGE:

This suit in equity was instituted in the circuit court of Webster County by P. B. Wethered against C. D. Elliott and others on the 27th of April 1893, for the purpose of setting aside and annulling a certain deed which purported to have been executed by said P. B. Wethered and Jonathan Bennett to C. D. Elliott on February 20, 1891, on the ground that said Elliott, acting for and on behalf of C. B. Hart, in his own right and as trustee, and J. N. Vance, on behalf of himself and said Hart and Vance, induced the plaintiff and said Jonathan Bennett to drink intox

icating liquors to such an extent that they become grossly
intoxicated, *non compos mentis*, and totally incapacitated for
the transaction of business, and, while so incapacitated,
caused and procured the plaintiff and said Bennett to ac-
knowledge a writing on that day purporting to be a deed
conveying certain lands therein described to said C. D.
Elliott for the purported consideration of five thousand
two hundred and forty dollars, by said writing acknowl-
edged to be in hand paid.   This land at the date of said
writing was very valuable as coal and timber land, and was
located within one mile of the West Virginia & Pittsburgh
Railroad, and well adapted to agricultural purposes, and
well worth fifteen dollars to twenty dollars per acre, and
the consideration named in said deed was grossly inade-
quate, to such an extent as to shock the conscience of a
court of equity.   Plaintiff also alleged that although said
deed recited a consideration of five thousand two hundred
and forty dollars, and acknowledged the payment, in fact
not one cent of the purchase money so recited as paid was
ever paid to him; that as soon as he recovered from his in-
toxication, and learned that he and said Bennett had exe-
cuted said writing, he notified Elliott that he repudiated
said deed and the sale therein represented, and that, un-
less the land was reconveyed to him, he would bring suit
to set aside said pretended deed and sale; and he prayed
that said writing purporting to be a deed from himself and
said Bennett, dated February 20, 1891, might be set aside,
canceled, and annulled, and for general relief.

On the 24th of November, 1893, said chancery cause was
transmitted from the circuit court of Webster County to
the circuit court of Braxton County; and on November
29, 1893, the judge of said court being so situated that he
could not properly preside at the hearing of said cause, W.
W. Brannon was elected special judge to try the same.
On the 4th of December, 1893, C. D. Elliott filed his sepa-
rate answer, and C. B. Hart and J. N. Vance filed their
joint and several answer to plaintiff's bill, and the plain-
tiff replied generally thereto.   Depositions were taken in
the cause, and on December 18, 1894, a decree was ren-
dered in favor of the plaintiff holding that the defendants
Hart, trustee, and Vance were not entitled to hold said

land under the deed made to C. B. Hart, trustee, by the defendant C. D. Elliott on the 14th of March, 1891, but that said Hart, trustee, and Vance were entitled to charge said land with the amount paid by them for the land conveyed by the last-mentioned deed before notice of the plaintiff's rights, after first abating the relative value of the two tracts of one hundred and six and sixty-six acres conveyed by said deed upon the basis of seven dollars per acre for the whole of the land conveyed by said deed, and also the relative value upon the same basis of the tract of one hundred acres conveyed by Jonathan Bennett to C. D. Elliott, bearing date February 20, 1891. But such charge in their favor was made subject to the right of the defendant John D. Alderson, commissioner, to enforce his lien for purchase money upon one undivided third of said one thousand three hundred and ten acres. It was further held that said deed from Bennett and the plaintiff to said Elliott, and the deed from said Elliott to defendant Hart, trustee, so far as the same conveys the said tract of one thousand three hundred and ten acres, be canceled and annulled; and the defendant Jonathan Bennett was declared to be a trustee holding the legal title to said one thousand three hundred and ten acres as to two undivided thirds thereof, and the equitable title in the other undivided third for the benefit of the plaintiff, subject, however, to a charge thereon in favor of Jonathan Bennett for the amount which may have been paid by him on plaintiff's behalf on account of taxes against said land, which amount, with any other taxes assessed thereon that might be paid by him, should be payable next after the sum to be charged in favor of the defendants Hart, trustee, and J. N. Vance; and said Bennett was restrained from making any sale or conveyance of said land until the further order of the court, and an account was directed. On April 29, 1895, said Elliott asked leave to file a bill of review in said cause, accompanied by the original deed from Bennett and Wethered to Elliott mentioned in the cause, and also by several affidavits, basing his application on the ground of newly-discovered evidence; and the plaintiff in said cause, P. B. Wethered, appeared and objected to the filing of said bill of review, and demurred thereto, in which demurrer said

Elliott joined.   On consideration whereof it was ordered that said bill of review be filed, and the same was remanded to rules, to be there matured for hearing as to the parties not appearing thereto, and said Wethered had leave to file his answer to said bill of review within thirty days after the adjournment of court; and Wethered was enjoined from the prosecution of said suit, and the execution of the decree to be reviewed, until the final hearing of the matters arising upon said bill of review, upon said Elliott executing bond, with good security, in the penalty of three hundred dollars, to be approved by the clerk.   Wethered answered said bill of review.   Depositions were taken thereon by plaintiff and defendant, and the cause was matured for hearing; and on May 5, 1897, the cause was again heard upon the bill of review, and the court dismissed said bill, dissolved the injunction, and decreed that Elliott pay the costs of the proceeding.   From this and the former decree, Elliott appealed.

The appellant assigned six grounds of error, the last of which claims that the court erred in dismissing the bill of review filed in the case, and was not warranted in dismissing it by the law or the evidence. but, instead, the said bill of review should have been sustained, and said former decree reversed and annulled, and the plaintiff Wethered's bill dismissed with costs.   Counsel for the appellee Wethered, on the other hand, in their brief assign as cross error the overruling of the demurrer of Bennett and Wethered to the bill of review.   The only special ground assigned in the demurrer was that the bill of review did not point out in what particular the decree asked to be reviewed was claimed to be erroneous; the only allegation being that "said decree of 18th December, 1894, was erroneous because of the evidence not in the cause, which has been discovered," etc.   This cross error applies to the action of the court on the 28th of August, 1895, upon the demurrer; and assignment No. 6 of appellant refers to the action of the court on May 5, 1897, when said bill was dismissed on the hearing of the cause.   Counsel for the appellee insist that the decree overruling said demurrer was erroneous because the ground of demurrer relied on was not sufficient, and that it should have pointed

out specifically the paticulars in which in was claimed the decree was erroneous; citing 3 Enc. Pl. & Prac., 591, where the law is thus stated: "In a bill of review, it is necessary to state the former bill, and the proceedings thereon, the decree, and 'the point in which the party exhibiting the bill of review conceives himself aggrieved by it, and the ground of law or new matter discovered upon which he seeks to impeach it." And in the note it is said, "No errors can be noticed, unless they are specifically pointed out;" citing numerous authorities,—among others, *Amiss* v. *McGinnis*, 12 W. Va., 371, in which it was held that, "in a bill of review, it is generally necessary to state the former bill substantially, and the proceedings thereon, the decree, and the point by which the party exhibiting the bill conceives himself aggrieved." Counsel for appellee also insist that the bill of review was bad on demurrer because J. D. Alderson, a party to the original suit, was not made a party to the bill of review; citing *Nichols* v. *Nichols' Heirs*, 8 W. Va., 174, and 1 Bart. Ch. Prac., 205, where the general rule is stated to be that all parties to the original bill should be made parties to the bill of review. It is also urged that said bill of review was bad on demurrer because there was not filed therewith an affidavit that the matter claimed to be new could not have been used in the original cause; citing *Dingess* v. *Marcum*, 41 W. Va., 757, (24 S. E. 624), and others. An examination of the record shows that the bill of review was sworn to, and several affidavits were filed in support of said bill. The affidavit of C. P. Dorr was filed with said bill. His deposition had been taken in the original cause, and in said affidavit he states that on April 2, 1895, he found among his papers a statement of the setlement made at the time of said land sale, which was filed with his affidavit; but this statement, if material, was found nearly a month before said bill of review was filed, the same being filed on the 29th of April, 1895, and might have been obtained by due diligence on the part of the plaintiff in said bill of review. The other affidavits pertain to conversations had with said Wethered and Bennett before the deed for said land was attempted to be made, and no good reason is shown why the evidence could not have been obtained before the trial of the cause, by using

due diligence; and, if the evidence indicated by these affidavits had been adduced, it must be regarded as cumulative. The reason of the rule requiring the affidavits to state the nature and character of the evidence to be filed, when the ground of the bill of review is newly-discovered evidence, is to enable the court to determine, when the bill is presented, as to whether it should be entertained or not; and, looking at these affidavits, they do not appear to have met this requirement. Neither do I think the allegations of the bill such as would entitle the same to be filed. I conclude, therefore, that this cross assignment of error was well taken.

The bill of review was dismissed at the hearing, and this brings us to the consideration of the sixth assignment of error claimed by appellant, which is quoted above. I do not deem it necessary, in considering this assignment of error, to go into an analysis of the evidence taken in support of said bill of review, but will call attention to the allegations of the bill of review as to the items of new evidence on which the plaintiff therein relies. As to the facts he expected to prove by T. M. Daly, he claims that he had ascertained that he could prove said Daly collected certain drafts given by plaintiff to Bennet, which were involved in the controversy of Wethered against plaintiff, and that he accounted to Bennett therefor, and that he was not aware of what account he had rendered to said Bennett. Plaintiff also alleged that he could then prove by said Daly that he was authorized by Wethered, prior to the date of deed from Bennett and Wethered to him, to make sale of said land to him, and that in pursuance of said authority he did make the sale; but it is shown in Wethered's deposition that this evidence was irrelevant, for the reason that it pertained to a contract between Wethered and Bennett and Daly, authorizing the latter to sell the land in question, which was surrendered and canceled some time before the deed in the bill mentioned was made from Bennett and Wethered to Elliott. The same thing is shown by the deposition of Jonathan Bennett; and the plaintiff Elliott, in his deposition, says that he had Daly summoned as a witness, but was afraid to examine him, although he knew he was in possession of certain facts which he regarded as mate-

rial. As to the original deed, a copy of which was filed in the original cause, and which is claimed as material, as bearing upon the question of the intoxication of the grantors, it must, when examined for that purpose, be regarded, if of any value, as merely cumulative, and for that reason could not be considered in support of the bill of review.

Barton, in his Chancery Practice (volume 1, p. 337), in speaking of the character of the evidence which will support a bill of review, says: "The evidence must have been discovered since the decree, must appear to be material to the case, and such as would probably effect a different result; for immaterial or merely cumulative testimony will not suffice to sustain a bill of review, and if a party should be allowed to go on to a decree without looking for evidence which might be obtained by a proper search, and afterwards, upon finding the evidence, to file a bill of review, there would be no end to such bills." As to the evidence of Mollohan which plaintiff claimed to have discovered, it was irrelevant, as it applied to the sale which Wethered was seeking to effect under his contract with Daly, which the evidence shows was canceled before the deed was made by Bennett and Wethered to Elliott. As to the evidence of Reuben Weese, reference to his affidavit shows that the conversations he had with Bennett and Wethered had reference to the contract made with Daly, which had been surrendered and canceled before the date of the execution of the deed in controversy. As to the statement found by Dorr, made at the time of the sale, the drafts, and the Daly contract, if material, the plaintiff knew that said papers existed, and in whose custody they were; and, if he could not find them, he could have proved their existence and contents by the evidence of witnesses. See *Dingess* v. *Marcum*, 41 W. Va., 757, (24 S. E. 624, Syl. point 2). In *Machine Co.* v. *Dunbar*, 32 W. Va., 335, (9 S. E. 237), it was held that: "If a party allege the finding of a document since the decree which could have been relevant evidence for him on the hearing, and knew of its existence and contents, though he made diligent search for it before the decree without finding it, yet, if he could have proven its existence and contents

by the evidence of witnesses, he should have done so, and cannot on that ground sustain a bill of review." In the same case (Syl. point 2) it is held that: "A bill of review for newly discovered evidence will not lie where the evidence is simply confirmatory or cumulative. It must be decisive in its character,—such as ought, if true, upon rehearing to produce a different decree, and of which the party was ignorant at the time of the decree, and could not have learned by the exercise of reasonable diligence." Neither of the affidavits filed in support of the bill of review, or the depositions relied on to set aside the former decree, are decisive in their character, or such, if true, as ought to produce a different decree upon rehearing.

The circuit court, in the decree rendered in the original cause, found that the deed bearing date February 20, 1891, executed by Bennett and Wethered to C. D. Elliott for the tract of one thousand three hundred and ten acres of land, was executed at the time when the grantors named therein were both grossly intoxicated, and totally incapacitated for the transaction of business, and that said intoxication was connived at and procured by said Elliott for the purpose of obtaining said deed. This Court has held in *Dunn's Ex'rs* v. *Renick*, 40 W. Va., 350, (22 S. E. 66 Syl. point 9) that "an error of the court in reaching a wrong conclusion as to facts upon the evidence is not correctible by bill of review, but by appeal." The court in said original suit having decided that no title passed by said deed of February 20, 1891, as we have seen, the conclusion thus reached could not be corrected by bill of review. The bill of review in this case, having been predicated on the sole ground of after-discovered evidence, did not prevent the appellant from prosecuting his appeal in this Court from the decree sought to be reviewed, as the questions presented to the two tribunals by the separate proceedings were entirely distinct, and no confusion could arise from their separate determination. See *Gillespie* v. *Allen*, 37 W. Va., 675, (17 S. E. 184). The pendency of this bill of review, therefore, did not prevent the running of the statute of limitations; and therefore on the 5th day of May, 1897, when said bill of review was dismissed, an appeal from said former decree was barred. Therefore

my conclusion is that it is unnecessary to discuss the other assignments of error, and that the court committed no error in dismissing said bill of review, or dissolving the injunction awarded the plaintiff. The decree complained of is therefore affirmed, with costs and damages.

BRANNON, PRESIDENT, (*dissenting*):

*Nichols* v. *Nichols' Heirs*, 8 W. Va., 174, lays down: "Although ordinarily a bill of review will not lie where the newly-discovered evidence is simply confirmatory or cumulative, still, if the newly-discovered evidence is not merely confirmatory or cumulative, but decisive in its nature and could not be discovered before the final decree sought to be revised, by the exercise of a reasonable diligence, in such a case a bill of review will lie." This was followed in *Machine Co.* v. *Dunbar*, 32 W. Va., 335, (9 S. E. 237), and *Douglass* v. *Stephenson's Ex'r*, 75 Va., 756, is upon the same principle. I think that the evidence presented in this case as newly discovered is sufficient to call for a rehearing, under the test laid down in those cases. There is no use to detail that evidence here. I think that evidence, taken in connection with the evidence heard on the hearing of the case, probably, ought to have called for a rehearing. My opinion is that it exculpates Elliott from the grave wrong imputed to him in the case.

*Affirmed.*