# CHARLESTON.

CLARK *et al. v.* SAYERS *et al.*

BELL *et al. v.* SAME.

48    33<br>|855  513|

Decided April 14, 1900.

1. EQUITY.—*Mistake Reviewed.*
    A court of equity will review and reverse a decree founded on a mistake in the record evidence, not occasioned by the culpable negligence or misconduct of the party complaining. (p. 36).

2.  BILL OF REVIEW.—*Amendable Error.*—*Appeal.*

> Where an appeal is pending in this court from a decree of the
> circuit court presumably founded on an adventitious mistake in
> the title papers used as evidence in the cause, and a bill of re-
> view is filed in the circuit court to correct such mistake and
> rehear such cause, and the circuit court refuses to consider such
> bill of review, and dismisses the same, and the injured parties
> appeal therefrom, and both appeals are submitted to the Supreme
> Court for its consideration, and both parties are clamoring, in
> case of an adverse decision, for the privilege of amending their
> proofs by newly-discovered evidence, and it appearing to this
> Court that such bill of review should have been entertained and
> the cause reheard on its merits, both decrees will be reversed
> and annulled, without prejudice to either party, and the cause
> will be remanded to the circuit court, with leave to both parties
> to amend their pleadings and proof in accordance with the truth,
> that there may be a fair and final determination of the contro-
> versy between the litigants.  (p. 39).

Appeals from Circuit Court, McDowell County.

Bills by E. W. Clark and others against D. G. Sayers and
others, and by Henderson M. Bell and others against D. G. Say-
ers and others.  Decrees for defendants, and plaintiffs appeal.

*Reversed.*

J. S. CLARK and A. W. REYNOLDS, for appellants.

R. C. McCLAUGHERTY and HENRY & GRAHAM, for appellees.

DENT, JUDGE:

Edward W. Clark, Sidney F. Tyler, and Henderson M. Bell,
trustees of the Flattop Coal-Land Association, filed their bill in
the circuit court of McDowell County against D. G. Sayers and
George W. Lambert for the purpose of quieting title to a one-
third interest (known as the "Jackson One-Third") in a certain
tract of land, containing 3,226 acres; the other two-thirds al-
ready being vested in them by title undisputed.  They claim title
to this one-third by virtue of a deed made by David G. Sayers
and others to Joseph I. Doran, dated November 17, 1882; the
title having vested in said Sayers by virtue of a tax deed dated
November 5, 1882.  The defendants claim title through  the
same David G. Sayers, by deed dated November 24, 1891, who
obtained the same from the original owners, the Jackson heirs,
by deed dated October 21, 1891.  The suit was dismissed by the
circuit court on final hearing.  The plaintiffs appealed.  Before

the case could be heard in this court, they discovered for the first time that the purported copy of the deed from the Southwestern Improvement Company to Joseph I. Doran, filed by them in support of their claim of title, was not a true copy of the original, in this: that the original conveyed two-thirds of the land, while the copy only showed conveyance of one-third. This error only affected the plaintiff's claim of title subsequent to the Sayers conveyance, but, this being in the nature of a suit in ejectment, plaintiffs could only have relief on the strength of their own title. Immediately on the discovery of this mistake, plaintiffs produced the original deed, and asked to have it substituted for the copy. To this, defendants objected, and thereupon the plaintiffs asked for a stay of proceedings until they could have the record corrected in the circuit court. This was granted them. They then filed a bill of review in the circuit court, setting up this mistake,—showing that it was made by the clerk of the county court in admitting the deed to record, and was not discovered by them until the final determination of the case, and appeal had been taken; and they asked that the same might be reheard, and the errors in the record be corrected according to the truth. They also asked to be allowed to file as evidence a confirmatory deed to them from Joseph I. Doran. The circuit court refused to allow such deed to be filed, and dismissed the bill of review, refusing to entertain the same because the plaintiffs declined to dismiss their appeal then pending in this Court. From this decree they again appeal, and both causes are now submitted to this Court.

The defendants asked to be allowed to file additional record evidence in this court, and the plaintiffs object thereto, but ask, if the same is allowed to be filed, that they be allowed to file record evidence in rebuttal thereof. Of course, this cannot be done, as the court must be governed by the record, in all respects, made up in the circuit court. It hears it only on appeal, and the case can neither be changed nor made new by additional evidence not presented and heard by the circuit court. It seems that the litigants did not expect this evidence to be received and considered, but they only wished to have this court understand that the cause was yet incomplete, and that the circuit court had not the evidence sufficiently before it to rightly hear and determine the controversy between the parties, and reach a conclusion in accordance with justice and equity.

The first question presented for consideration is as to whether the circuit court did right in refusing to consider the bill of review while the cause was pending on appeal. If the questions raised had been the same questions of law on the same state of facts presented on appeal to this Court, its action would have been proper; but, when new facts are presented by after-discovered evidence, there is no impropriety in the circuit court proceeding with the bill of review without regard to the pendency of the appeal, for the reason that the causes in the two tribunals are materially different, and there would be no conflict of jurisdiction. *Gillespie* v. *Allen,* 37 W. Va. 675, (17 S. E. 184) ; *Maxwell* v. *Martin,* 35 W. Va. 384, (14 S. E. 7). The bill in this case while styled a "bill of review," must be treated as an original bill in the nature of a bill of review to correct a mistake in the record, and reform the decree founded thereon in accordance with such correction. A court of equity has jurisdiction to grant relief in cases of accident or mistake in judgments, decrees, or other matters of record, when the mistake is not judicial, and there is no other method of obtaining relief. 15 Am. & Eng. Enc. Law, 665; *Byrne* v. *Edmonds,* 23 Grat. 200; *Smith* v. *Butler,* 11 Or. 46, 4 Pac. 517; *Quivey* v. *Baker,* 37 Cal. 465. The relief sought in this case was in aid of, and not in opposition to, the jurisdiction of the appellate court. The mistake arose, not from the negligence or misconduct of the plaintiffs, but from the negligence of the clerk of the county court in recording and copying an original deed. The plaintiffs had the right to assume that he properly discharged his duties, and they were not guilty of culpable negligence in so doing, or in not discovering the mistake until brought to their attention, as they relied on the correctness of the original deed. The circuit court refused to entertain plintiffs' bill, and dismissed the same, without passing on any of the questions raised thereby. It is true, if the decree be right, it will be sustained, it matters not how erroneous may be the reasons assigned for it. This only applies where there has been a hearing on the merits, and not when the court refuses to hear at all; for this Court will only consider the questions determined by the circuit court. *Eclipse Oil Co.* v. *South Penn Oil Co.,* 34 S. E. 923 (see opinion, page 926) ; *Robrecht* v. *Robrecht,* 34 S. E. 801; *Kesler* v. *Lapham,* 33 S. E. 289; *Woods* v. *Campbell,* 45 W. Va. 203, (32 S. E. 208) ; *Bank* v. *Gould,* 42 W. Va. 137, (24 S. E. 547) ; *Alderson* v. *Commissioners,* 32 W. Va. 461,

(9 S. E. 863), 5 L. R. A. 334; *Harris* v. *Hauser,* 26 W. Va. 602; *Armstrong* v. *Town of Grafton,* 23 W. Va. 50; *Burke* v. *Adair, Id.* 165. The circuit court committed manifest error in refusing to entertain plaintiffs' bill as an original bill in the nature of a bill of review.

Provided the court had entertained the bill, it further erred in not allowing plaintiffs to file the confirmatory deed of Doran as evidence with the bill. While plaintiffs' suit is in the nature of an ejectment in chancery, and to some extent is governed by rules of law in such cases, it is also governed by the rules of equity, so far as applicable. At law, the plaintiff must be entitled to possession at the commencement of his suit, by virtue of his then existing title papers. *Adkins* v. *Spurlock,* (W. Va.) 33 S. E. 121. In chancery, the question of possession is not involved in the litigation, except that the plaintiff is usually required to have possession, before his bill is maintainable, if the titles in issue are conflicting and adverse. *Chirstian* v. *Vance,* 41 W. Va. 754, (24 S. E. 596); *Clayton* v. *Barr,* 34 W. Va. 290, (12 S. E. 704). Nor is the plaintiff bound to have the legal title before he brings his suit for further assurance against a remote vendor, but he must acquire it before decree, or bring the parties before the court in whom it rests. He has the right to sue those under whom he claims on the strength of his equitable title, and compel conveyance of the legal title from any one withholding it from him wrongfully; and if he alleges the legal title in himself, alone with the equitable, and the legal title is defective, there is no good reason why he should not be allowed to perfect it by filing his title papers. He certainly can do so by amendement to his bill. *Davis* v. *Settle,* 43 W. Va. 17, (26 S. E. 557); *Totten* v. *Nighbert,* 41 W. Va. 800, (24 S. E. 627). By the filing of this deed, plaintiffs only sought to strengthen a link in their title not controverted. The objection thereto was purely technical, as it in no wise affected the controversy between the parties, and the only thing it obviated was the necessity of making Doran a party to the suit.

Having reached the conclusion that the circuit court erred in refusing to entertain the bill of review, the question presents itself as to what should be done with the original appeal. It is plain to the court, from the records, that there was a material mistake in plaintiffs' title papers, tending to defeat their suit, which, if discovered in time, could have been averted by filing

the original title papers, or by making the persons holding the legal title parties to the suit. This is a mistake not directly in issue in the circuit court, nor involved in the real controversy between the parties. Whether it was known to the defendants or not, it was overlooked by the plaintiffs, and did not come to their knowledge until too late to be corrected, except by an original bill in the nature of a bill of review. It was not occasioned by their misconduct or negligence, but by their reliance on the recording officer. It is a mistake that does not affect defendants' title, but detracts from the strength of plaintiffs' case, and tends to becloud it with doubt and uncertainty. Whether it was known to the court or not, the record does not place beyond doubt. The presumption would be that it was, and yet the circumstances tend strongly to refute such presumption, for it can hardly be presumed that the circuit court would found its decision on such a material defect in the title papers, in such an important controversy, without directing the attention of the parties to it. Nor would it be right to do so. The plaintiffs allege title in their bill, and set out the various deeds through which they acquired it. The answer does not controvert their claim of title, except at one point. At another point, owing to the mistake of the copying clerk, the legal title fails. If the court discovered this latter failure, and based its decision thereon, it would, no doubt, have called attention thereto. This leaves the whole matter in doubt. It is impossible for this Court to say whether the circuit court determined the cause upon its merits, or on the technical defect in plaintiffs' title caused by this mistake. If on the latter,—which the law presumes,—the same being correctible, the decree will have to be set aside by the circuit court on the bill of review, and the cause again heard upon its merits.

A determination of this cause at this time, in the present state of the pleadings and proofs, must create great dissatisfaction, and possible injustice, and be productive of further litigation, instead of making an end thereof; and to allow the original decree to stand would be in the way of a full, free hearing of the cause on the bill of review. Without, therefore, examining into and attempting to determine the merits of this controversy on the record as presented in the original cause, it seems both equitable and proper that the decree should be reversed, and the cause be remanded, without prejudice to either

party, and with leave to both to amend their pleadings and proofs according to the truth. Especially is this equitable from the fact that both parties are here clamoring for the privilege of amending or adding to their proofs in case the court is of the opinion that the controversy, as it now stands, is against them. They are neither ready for a final submission, unless, probably, the defendants would like to have the advantage of the unforeseen mistake made in the proof of plaintiffs' chain of title; but, if this is denied them, they seek the opportunity of augmenting their evidence by matter newly discovered. As the plaintiffs are responsible, though not negligently or culpably so, for the mistake making it necessary to reverse the original decree, they should pay the costs of the first appeal, and defendants pay the costs of the second appeal, while the general costs of the suit should abide the result of the litigation. The decree complained of will be reversed, accordingly.

*Reversed.*