# CHARLESTON.

### RULEY v. FOLEY.

Submitted June 16, 1903—Decided December 16, 1903.

1. COMPUTATION OF TIME—*Appeal.*
   The time of the pendency of an appeal from a decree is not to be excluded in computing the period of limitation to a bill of review based on newly discovered evidence. (p. 497).

2. LIMITATION TO BILLS OF REVIEW.
   In excluding the time of the pendency of an appeal in computing time limiting a bill of review for error of law, does the exclusion begin at the allowance of the appeal or the date of the bond required to perfect it? (p. 497).

Appeal from Circuit Court, Doddridge County.

Suit by R. J. Ruley, surviving partner, etc., against B. W. Foley and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

J. W. VANDERVORT, CALDWELL & WATSON, V. B. ARCHER, and WM. BEARD, for appellant.

M. F. SNIDER, R. F. FLEMING, W. S. STEWART, *and* J.V. BAIR, for appellees.

BRANNON, JUDGE:

Foley brought a suit in equity in the circuit court of Doddridge county for himself and other lien creditors against F. J. Ruley & Bro. to enforce his own and other liens against lands of Ruley & Bro., and on 6th September, 1894, a decree was made fixing liens on the lands and directing a sale for their payment. An appeal to this Court was allowed 25th October, 1894, and the decree was by this Court affirmed 28th April, 1897, as appears in 43 W. Va. 513.

On 26th April, 1900, the circuit court allowed a bill of review to be filed seeking to reverse said decree on newly discovered evidence. Later the court allowed an amended bill of review to be filed. On 17th July, 1902, Ruley & Bro. asked leave to file an amended and supplemental bill of review making a new party; but upon objection the court refused to allow it to be filed, and from the decree rejecting it Ruley & Bro. appeal.

The decree of the circuit court was an appealable final decree, from which a bill of review for either error of law or new evidence will lie. *Lehman* v. *Hinton*, 44 W. Va. 1; *Core* v. *Strickler*, 24 W. Va. 689; Hogg's Eq. Procedure, section 568a. The limitation for a bill of review is three years from the decree. *Dunfee* v. *Childs*, 45 W. Va. 155. The appellants seek to save their bill of review by excluding the time, not merely from the allowance of the appeal, but from the decree to the decision by the Supreme Court. Plainly the way was open for a bill of review at once upon the decree and the limitation started at its date.

Even if we exclude time from the allowance to the decision of the appeal, the right to file a bill of review was barred when the original bill of review was filed. But can we exclude any time? If there be an appeal, and it ends without decision, and then a bill of review is filed for error of law, the time of the pendency of the appeal is excluded, because there can be no bill of review for error of law pending an appeal. Since the appeal carries the case to the higher court, and while there the lower court can make no change in it for any matter of law involved in the record. *Ensminger* v. *Powers*, 108 U. S. 292; Beach, Mod. Eq. Prac. section 863; *Dunbar* v. *Dunbar*, 5 W. Va. 567; 2 Ency. Pl. & Pr. 327; 2 Cyc. 967.

But though an appeal is pending, it does not prevent a bill of review in the lower court on new evidence, because it rests on matter not in the record hitherto, and thus does not involve the same matter involved in the appeal. On this principle we hold that an appeal may go on in the Supreme Court and a bill of review on new evidence in the circuit court at the same time. *Gillespie* v. *Allen,* 37 W. Va. 675. Otherwise if the bill of review is for error of law. *Maxwell* v. *Martin,* 35 W. Va. 384. In *Wethered* v. *Elliott,* 45 W. Va. 437, it was held that when a bill of review is predicated on new evidence, and during its pendency more than two years elapse, its pendency does not save an appeal from being barred. They involve different things. These cases show that there is no reason why time during an appeal should be excluded in computing time against a bill of review on new evidence; for if there can be an appeal pending bill of review on new evidence, so there can be a bill of review on new evidence pending an appeal. Counsel cites *Ensminger* v. *Powers,* 108 U. S. 292, and Beach, Modern Eq. Prac. section 865, to sustain his point that the time while the appeal pended must be counted out; but these authorities apply only where the bill of review is for error of law. As the bill of review was barred, we see no error in refusing to allow the amended bill of review. Whether, when time is to be excluded during the pendency of appeal, we begin at the allowance of the appeal or from the bond which consumates it under section 14, chapter 135, Code, it is not necessary to say. In *Ensminger* v. *Powers,* 108 U. S. p. 302 it is said to begin with the bond. *Dunbar* v. *Dunbar, supra;* 2 Cyc. 965. *Aspen Co* v. *Billings,* 150 U. S. 31, leads to this conclusion.

Decree affirmed.                    *Affirmed.*