# CHARLESTOWN.

## MOORE *v.* JOHNSON.

Submitted June 13, 1884—Decided September 20, 1884.

Where the Supreme Court of Appeals rejects an application for an appeal to a decree of the circuit court, on' the ground that the decree complained of is plainly right, no other petition therein can be afterwards entertained ; and if an appeal from the same decree or from one based solely upon it, and which simply carries it into execution, should afterwards by inadvertence be granted by said Court, on the hearing of the case the appeal so inadvertently granted will be dismissed as improvidently awarded.

GREEN, JUDGE, furnishes the following statement of the case :

Thankful Johnson and Benjamin Johnson on November 3, 1883, presented to this Court their petition asking an appeal from a final decree of the circuit court of Wetzel county, made on the 18th day of October, 1880, in a cause, wherein John Moore and Wilford Moore were complainants, and Thankful Johnson and Benjamin Johnson were defendants. The appeal prayed for was granted on November 3, 1883, by this Court. The decree so appealed from was simply a

decree confirming a sale made by certain commissioners of sale under a decree made at the April term, 1880, there being no exception to the report of the commissioners. The decree complained of ordered a deed to be made to the purchasers upon the payment of the entire purchase-money, which the commissioners were directed to collect upon their giving a bond with approved security conditioned as the law directs, the penalty of the bond, which was ample, being fixed by the decree. This decree further directed these commissioners out of the moneys collected to pay the liens decreed at a former term and to pay the balance, if any, to the owners of the land sold. The decree of April term, 1880, was rendered on April 12, 1880, and among other things fixed the liens on defendants' land and ordered that if the same was not paid within eight weeks from the rising of the court, the land of the defendants should be sold, and appointed commissioners to sell it on certain credits and in a certain mode. These commissioners sold the land pursuant to this decree and reported the same to the court; which sale was confirmed by the decree of October 18, 1880. The petition assigned no errors in the decree of October 18, 1880, but did assign numerous errors in the decree of April 12, 1880. In fact, if the decree of April 12, 1880, was correct, there were no errors in the decree of October 18, 1880. The appellants had on the 25th day of June, 1880, applied to this Court for an appeal from this decree of April 12, 1880. And in their petition assigned various errors therein; but by an order of this Court made on the same day this Court refused to grant an appeal, on the ground that the decree was plainly right, which reason for rejecting the application for the appeal is stated on the face of the order refusing the appeal.

*F. Smith* for appellant.

*J. W. McCoy* and *T. P. Jacob* for appellee.

GREEN, JUDGE:

When a petition for an appeal is presented to this Court, it is examined by one of the members of the Court, and, if he thinks the appeal should be granted, an order is made

by this Court granting such appeal, the other members of the Court not examining the record. But if the judge, who examines the record, thinks that the appeal should not be granted, he hands the record to each of the other judges of this Court in succession; and if any one of them is of opinion, that the appeal should be granted, an order of the Court is made granting the appeal. If all the judges are of opinion, that the appeal asked ought not to be granted, an order is entered refusing to grant the appeal; and if each of the members of this Court thinks, that the decree complained of is plainly right, this Court may state in the order refusing to grant the appeal, that this refusal is because the order complained of is plainly right. This was done in this case on the petition for an appeal from the decree of April 12, 1880. Whenever this is done, by section 11 of chapter 7 of Acts of 1872–3 and by section 11 of chapter 157 of Acts of 1882, this Court is prohibited from ever entertaining a petition for an appeal therein afterwards. The petition for an appeal in this cause was presented, after this order was made refusing an appeal to the decree of April 12, 1880, because it was plainly right. It is true this appeal is nominally asked to the decree of October 18, 1880; but no errors are assigned in this decree, and none exist, if the decree of April 12, 1880, is right, as this decree is based solely upon the former decree and simply to carry it out. All the errors that are now assigned are errors claimed to be in the decree of April 12, 1880. We ought therefore under the statutes to have refused to entertain this last petition.

The appeal in this cause was improvidently awarded and must be dismissed; and the appellees must recover of the appellants their costs in this Court expended.

DISMISSED.