## WHEELING.

LORENTZ *v.* LORENTZ.

*(BRANNON, JUDGE, absent.)

Submitted June 11, 1889.—Decided June 26, 1889.

1. BILL OF REVIEW—DEMURRER.

Where a bill of review is filed to review and reverse a decree on the ground of newly-discovered evidence, and the bill on its face shows, that the facts stated as relied upon are immaterial and irrelevant, the bill should be dismissed on demurrer.

2. BILL OF REVIEW.

Where errors apparent on the face of the decree are relied on in the bill of review to reverse the same, it is not allowable to look into the evidence in the case to show, that the decree is not supported by the facts proven.

*L. Bennett* for appellant.

*C. C. Higginbotham* for appellees.

ENGLISH, JUDGE :

On the 4th day of December, 1882, Jacob Lorentz applied to the Circuit Court of Braxton county for leave to file a bill of review, to reverse two decrees pronounced in this cause,—

*Rendered judgment below.

one on the 21st day of December, 1879, and the other on the 23d day of March, 1880, by said Circuit Court, in which bill certain errors of law were relied upon as existing in the decrees complained of. The plaintiff also alleged, that, since the decree complained of was rendered, he has discovered testimony unknown to him before that time, which would establish beyond dispute the fact, that he, plaintiff, was to have all the unsold land on Bridge run for a certain consideration therein set forth; that the discovery of the witness was accidental, and that by all the diligence in his power he could not have discovered the testimony to be used in said cause before the decree; that the witness was Perry C. Lorentz, whose affidavit was filed as part of said bill of review; in consideration whereof the said Circuit Court of Braxton county granted leave to file said bill as a bill to review said decree pronounced on the 23d day of March, 1880, and refused leave as to said decree of the 21st day of August, 1879; and said bill was accordingly filed as a bill to review said decree of the 23d day of March, 1880, and said bill was sent to rules with leave to sue out process thereon and to mature the same for hearing, and afterwards the original cause and the bill of review were transferred to the Circuit Court of Upshur county, there to be docketed in said court and to be determined and tried.

The defendant, Mifflin Lorentz, appeared and demurred to the plaintiff's bill of review and also filed an answer thereto, and some depositions were taken for both plaintiff and defendants upon the questions of fact raised by said bill, and on the 11th day of February, 1885, a decree was rendered by the said Circuit Court of Upshur county dismissing the plaintiff's bill; and, although the decree does not in express terms pass upon the demurrer, the effect thereof is to sustain the same, the decree having been in favor of defendants.

In the case of *Nichols* v. *Heirs of Nichols*, 8 W. Va. 175, we find, that this Court held in the seventh point of syllabus, that when a bill of review is brought upon new matter or evidence, and the defendant thinks it is not relevant, he may demur; and in the eighth point of the syllabus, that upon a bill of review for errors apparent upon the face of the decree it is not allowable to look into the evidence in the case

in order to show the decree to be erroneous in its statement of the facts; and, if the decree does not contain a statement of the facts, on which it is based, there can be no relief by bill of review. Looking to the bill of review under consideration we find, that the errors complained of in the decrees sought to be reviewed are not errors of law but depend upon the facts sought to be proved in the original cause, and it would be necessary to look into the evidence taken in said original cause, before we could determine, whether error existed or not.

The plaintiff also seeks to review said decrees on the ground of the newly-discovered evidence, which is set forth in the affidavit of Perry C. Lorentz, which is filed with and made part of said bill; but on looking at said affidavit of said Perry C. Lorentz in connection with the allegations of the bill we find, that the newly-discovered evidence consists of declarations made by Jacob Lorentz, Sr., before and after the execution of the deed for the Bridge Run property in the bill mentioned, and in order to admit such testimony the instrument must be attacked on the ground of undue influence in obtaining the same, or incapacity in the grantor. In the case of *Dinges* v. *Branson*, 14 W. Va. 100, this Court held "that the declarations of a testator or grantor made either before or after the execution of the instrument are admissible evidence, where the issue involves the mental capacity of the testator or grantor, at the time the instrument was executed, or that undue influence was exercised over him at that time;" and these, it is believed, are the only instances, in which such declarations can be proven, unless made at the time the instrument is executed.

The evidence then, which the plaintiff claims he has discovered, is immaterial, and the bill can not be sustained on that ground; and, even if there were any errors in law set forth in the bill, which would ordinarily entitle the plaintiff to review said decree, it having been brought to the attention of the court below, that the plaintiff had applied to this Court for an appeal from the decree complained of, which appeal had been refused, because this Court was of opinion, that the decree complained of was plainly right, the court below acted rightly in dismissing said bill. See the case of

*Moore* v. *Johnson*, 24 W. Va. 549, where it is held, that "where the Supreme Court of Appeals rejects an application for an appeal from a decree of the Circuit Court, on the ground that the decree complained of is plainly right, no other petition therein can be afterwards entertained; and if an appeal from the same decree or from one based solely upon it, and which simply carries it into execution, should afterwards by inadvertence be granted by said court, on the hearing of the case the appeal so inadvertently granted will be dismissed as improvidently awarded." It seems to me, that the demurrer to said bill of review should have been sustained, and the bill dismissed; but, the same conclusion having been reached by the court below upon the hearing, the decree is affirmed, with costs to the appellant.

AFFIRMED.