# CHARLESTON

KANAWHA OIL & GAS CO. *v.* WENNER *et als.*

Submitted June 13, 1911.   Decided December 17, 1912.

1. MECHANICS' LIENS—*Property Subject—Leasehold—Oil Well—"Structure."*

   An oil well drilled on a leasehold estate, is a "structure" on land, within the meaning of secs. 2 and 3, ch. 75, Code 1906, and a laborer who performs services in drilling or casing such well may acquire a lien on the well and the leasehold estate. (p. 478).

2. EQUITY—*Error of Record—Correction—Refusal.*

   On a bill of review to correct error of record, the court may make the correction by reversing wholly the erroneous decree and entering such decree as should have been entered. (p. 479).

3. SAME—*New Decree—Title.*

   It is not material that such decree is styled after the manner of the bill of review, instead of according to the original suit. It is, nevertheless a decree made in the original cause. (p. 480).

4. SAME—*Error of Record—Correction—Review of Evidence.*

   On a bill of review to correct error of record, the court can not review the evidence to correct an error of judgment relating to matters of fact. Such error is correctible only by appeal. (p. 480).

Appeal from Circuit Court, Wetzel County.

Suit by Charles R. Wenner against the Kanawha Oil & Gas Company and others. From a decree correcting a final decree in a suit for the enforcement of certain mechanics liens, the Kanawha Oil & Gas Company appeals.

*Affirmed.*

*Geo. L. Roberts* and *Thos. P. Jacobs,* for appellant.

*John Ross, Jr.,* for appellees.

WILLIAMS, JUDGE:

This appeal was allowed on petition of the Kanawha Oil & Gas Company from a decree made on the 19th of May, 1910, correcting a final decree made on the 2nd of November, 1907, in the suit of *Chas. R. Wenner* v. *Kanawha Oil & Gas Company et al.*, brought to enforce mechanics' liens. Petitioner was duly served with process and failed to appear. The bill was taken *pró confesso* as to it.

Chas. R. Wenner and Harry O. Wenner had been employed by one Frank M. Miller, the principal contractor with the Kanawha Oil & Gas Company, to drill and case an oil well on land demised to it for the purpose of producing oil and gas; and, not being paid for their labor by said Miller, they filed notices with said company within thirty-five days after they ceased to labor, that they claimed liens upon the oil well and leasehold, and had them recorded pursuant to the mechanics' lien statute. The commissioner to whom the cause had been referred, reported in favor of the liens, and also that it would not be necessary to sell all of the leasehold, which was more than five thousand acres, but that ten acres which had been laid off around the oil well, including the oil well and its appliances, would be sufficient to satisfy the liens. There were no exceptions to the report, and the court confirmed it, and decreed a sale of said ten acres of leasehold and the well, and also decreed each of the Wenners a personal recovery against the Kanawha Oil & Gas Company for the amount of their respective claims. The Wenners had executions issued on the personal decrees and levied on other property of the Kanawha Oil & Gas Company. It thereupon filed a bill of review to correct errors in that decree. A temporary injunction was awarded by the judge in vacation, staying proceedings under that decree. The Wenners answered the bill of review, and the questions presented by it were heard, upon said bill, answer, general replication and upon the orders and proceedings in the former suit; and the decree was then made from which this appeal is taken. Holding that decree to be erroneous, in that it gave personal recoveries to the Wenners against Frank M. Miller, the principal contractor, the court reversed the decree and proceeded to enter "in lieu thereof such decree as should

have been entered." The second decree was the same as the first, with the errors above recited corrected.

It is suggested, but not urged, that an oil well is not subject to a mechanic's lien. But this Court has held the leasehold estate, for the purpose of producing oil and gas, and an oil well and its appliances, located thereon, are subject to a mechanic's lien; and that an oil or gas well is a "structure" within the meaning of secs. 2 and 3 of ch. 75, Code 1906. *Showalter* v. *Lowndes et al.,* 56 W. Va. 462. The following cases are also in point, in that one holds a railroad, and the other fences and walks appurtenant to a building, to be "structures" upon land, within the meaning of sec. 3 of the mechanics' lien statute. *Lumber Co.* v. *Railway Co.,* 69 W. Va. 682; *O'Neill* v. *Taylor,* 59 W. Va. 370.

Four errors were assigned in the petition, but counsel have apparently abandoned all but one, as only one is discussed in their brief. That assignment challenges the power of the court to re-enter the decree of sale upon the bill of review. It is insisted that the court could only correct errors in the former decree, and that any further decree should have been made in the original cause. But we do not think the court, by entering the decree complained of, did more than to correct the errors in the former decree. The bill having been taken for confessed as to the Kanawha Oil & Gas Company, the error charged in the bill of review is such as might have been corrected in the circuit court on motion, pursuant to sec. 5, ch. 134, Code 1906. That statute expressly provides that the court, or the judge in vacation, "may, on motion, reverse such judgment or decree, for any error for which an appellate court might reverse it, if the following section was not enacted, and *give such judgment or decree as ought to be given.*" Prior to this statute, such errors were correctible only by bill of review, or petition. The statute affords an additional remedy, and such error may still be corrected on bill of review. *Gallatin* v. *Land Co.,* 44 W. Va. 109; *Bank* v. *Shirley,* 26 W. Va. 564. Reversing the erroneous decree and entering a correct one in its stead, is only a method of correcting the error; and perhaps the best method. It may not always be possible to correct the error by simply reversing the erroneous part of the decree, and leaving the other part of it

to stand; something may be needed to take the place of the error; the relief might be incomplete without it, and hence the statute directing the manner of correction. The decree dealt with no matter not included in the former decree, and is just such a decree as the original one should have been. It corrected the errors in it.

There can be no doubt that the court had the power to correct the error on bill of review, in the same manner that the statute authorizes it to correct error on mere motion. It would be an anomalous condition, if the court could give greater relief on mere motion than it could on bill of review, when they are concurrent remedies. If necessary, a court of equity, which always regards the substance rather than the form of pleadings, could regard the bill of review as a motion, and administer the remedy in the manner provided by the statute. But, as we understand the practice, courts of equity have always exercised the right to correct errors of record, on bill of review, by reversing the erroneous decree and entering such decree as should have been entered.

That the decree is styled after the manner of the bill of review, instead of according to the original suit is immaterial. It is, nevertheless, a decree made in the original suit. While it is true that, for some purposes a bill of review may be regarded as a separate suit, still the very purpose of this bill of review being to correct errors apparent on the record, it became a part and parcel of the original suit, as soon as filed. Its allegations pertain to matters found only in the record of that suit, and it vouched the papers and orders of court made therein, to show the error which it sought to have corrected. It brought the original cause again before the Court for rehearing, to ascertain if there were, in fact, errors apparent on the record.

On such bill of review, only errors of law appearing of record could be corrected; the court could not re-examine the evidence, to correct errors of judgment as to questions of fact; such errors in a final decree are correctible by appeal only. *Wethered* v. *Elliott,* 45 W. Va. 436; and *Dunn's Ex'r.* v. *Renick,* 40 W. Va. 349.

There being no exceptions to the commissioner's report, the court could not, on bill of review, re-examine any finding of

fact by the commissioner. *Bank* v. *Shirley,* 26 W. Va. 569;
*Winston* v. *Johnston's Exors.,* 2 Munf. 305.

Finding no error we affirm the decree.

*Affirmed.*