# CHARLESTON.

MARSHALL v. NICOLETTE LUMBER CO. *et al.*

Submitted May 4, 1915.   Decided June 15, 1915.

1. EQUITY—*Bill of Review—Right.*
    A bill of review lies to error of law, but not to an erroneous conclusion on evidence.   (p. 532).

2. SAME—*Bill of Review—Right—Newly Discovered Evidence—Diligence.*
    For a party to maintain a bill of review on after discovered evidence, it must appear that due diligence by him on the former hearing would not have brought to light the new evidence.   (p. 532).

3. SAME—*Bill of Review—Newly Discovered Evidence—What Constitutes.*
    Additional evidence of the same kind and to the same point is cumulative and will not avail as after discovered evidence to maintain a bill of review.   (p. 533).

(LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Wood County.

Bill of review by T. Marcellus Marshall against the Nicolette Lumber Company and others. From decree for defendants, plaintiff appeals.

*Affirmed.*

*Merrick & Smith,* for appellant.

*W. P. Shock* and *Van Winkle & Ambler,* for appellees.

Robinson, President:

The decree appealed from dismisses a bill of review. A thorough consideration of the record leads us to the conclusion that it is right. The alleged errors of law in the former decree are not found. The evidence alleged and submitted as newly discovered, by the use of reasonable diligence could have been submitted on the former hearing. Besides, it is merely cumulative to the previous evidence.

If there is error in the decree sought to be opened by the bill of review, it is purely one in the determination of the facts—an erroneous finding on the evidence. We do not say that the former decree is erroneous in any particular, for we do not have it on appeal. It is before us only on bill of review. We simply say that no error was committed in entering the former decree unless it be that the court wrongly adjudged the issue of fact arising on the pleadings and evidence. On bill of review we have no province to correct such error if it exists. A bill of review lies to error of law, but not to an erroneous conclusion on evidence. *Lorentz* v. *Lorentz,* 32 W. Va. 556; *Dunn* v. *Renick,* 40 W. Va. 349; *Dunfee* v. *Childs,* 59 W. Va. 225.

On the score of after discovered evidence the bill of review is plainly not maintainable. That which was submitted as after discovered evidence can not be considered as such. It seems useless to go into details here. It suffices to say that it is clearly apparent from the record that, though the evidence now sought to be relied on is in a sense newly discovered, the use of the most ordinary diligence would have produced it on the former hearing. A litigant can not close his eyes to reasonable sources of evidence prior to a submission and determination of his cause, and then after the decree is entered against him become so spurred to the diligence which he should have observed in the first instance that he may obtain a re-hearing by submitting evidence obtainable on the previous hearing. An essential of the rule for a bill of review on after discovered evidence, is that the new testimony could not have been obtained with reasonable diligence on the former hearing. It must appear that the party was diligent in collecting his evidence on the former hearing and that due

diligence under all the circumstances would not have brought the new evidence to light before the decree. *Halstead* v. *Horton,* 38 W. Va. 727. All the cases say this.

In this case plaintiff was certainly derelict in not producing on the original hearing the evidence he now brings forward. He was seeking to prove liability on a logging contract, so that he might obtain a decree for the amount of an order which one of the parties selling the logs had given him on those to whom they were sold. Naturally he should have looked to the parties to the contract for evidence of what was due under it. They kept the very books and were in possession of the same evidence that he would now bring up on a re-hearing. He must have known on the former hearing that the evidence he now seeks to rely on was in their possession. True, plaintiff to an extent sought this source of evidence on the former hearing, but did not deeply probe. Though the process of the court, and a full examination of the witnesses naturally available, would have produced all that he now presents, he did not on the former hearing go far toward obtaining it. That which he presents as after discovered evidence to be read in support of the bill of review, is really not the kind of after discovered evidence which can have place in overturning a decree fairly and considerately entered and foreclosed. For, reason pointed plaintiff to the same evidence on the former hearing. With only ordinary diligence it would have been forthcoming. A comparison of the evidence taken before the decree with that subsequently introduced, shows clearly that the latter by simple diligence could have been known and put in before. No such newly discovered evidence can be read in support of a bill of review.

Again, it appears from the original evidence and that now asked to be read that the latter is merely cumulative to the former. It is only additional evidence of the same kind to the same point. It is not dissimilar to the previous evidence. It does not prove some distinct affirmative fact not proved, and which no evidence tended to prove on the former hearing. Additional evidence of the same kind and to the same point is cumulative and will not avail as after discovered evidence to maintain bill of review. It is the resemblance of the facts

to those previously proved that makes them cumulative. *Grogan* v. *Railway Co.*, 39 W. Va. 415. The facts sought to be established by the alleged after discovered evidence relied on in this case, are precisely the same facts which were sought to be established by the evidence on the former hearing.

In the light of the foregoing observations, we must affirm the decree complained of.

*Affirmed.*