# CHARLESTON.

FRANCOIS COAL COMPANY *v.* TROLL COAL COMPANY *et al.*

Submitted February 20, 1923.   Decided February 27, 1923.

1. EQUITY—*Bill of Review for Newly Discovered Evidence to be Filed Only by Leave of Court.*

   A bill of review based on newly-discovered evidence can only be filed by leave of court. It is otherwise if based on error of law apparent on the face of the record. (p. 234).

2. SAME—*Bill of Review for Newly-Discovered Evidence May be Dismissed on Demurrer or Motion Where Lack of Negligence Shown on Face.*

   Generally, a bill of review filed on the ground of newly-discovered evidence is not open to demurrer because of lack of diligence in discovering the evidence; but if the court inadvertently permits such a bill to be filed which on its face shows plaintiff was negligent in making the discovery or in bringing forward the newly-discovered evidence, it may on demurrer or motion, in the preliminary stages of the proceeding and before proof thereon has been taken, dismiss the bill. (p. 234).

3. APPEAL AND ERROR—*Equity—Granting or Refusing Leave to File Bill of Review for Newly-Discovered Evidence Discretionary and Not Disturbed Except for Manifest Abuse.*

   A bill of review for newly-discovered evidence cannot be filed as a matter of right. Whether it shall be filed rests in the sound discretion of the court, and the exercise of that discretion, in granting or refusing leave to file it, will not be disturbed on appeal, except for manifest abuse. (p. 236).

4.   EQUITY—*Bill of Review for Newly-Discovered Evidence Governed by Requisites of Motion for New Trial.*

Such a bill is designed to accomplish the same purpose in a chancery cause as a motion for a new trial at law, and, in general, is governed by the same requisites: (1) discovery after final decree, (2) inability to discover it before by the exercise of reasonable diligence, (3) materiality, and (4) non-cumulativeness. (p. 236).

5.   SAME—*Bill of Review Should Specify Error Claimed Apparent on Face of Record.*

A bill of review filed for error apparent upon the face of the record should specify the error. (p. 237). .

6.   PRINCIPAL AND AGENT—*Retaining Benefits with Knowledge Ratifies Unauthorized Acts.*

As a general rule, a principal can not knowingly retain the benefit of the unauthorized act of his agent and repudiate his agent's act. If he would repudiate, he must refund, and retention of benefits after full knowledge amounts to a ratification. (p. 237). .

Appeal from Circuit Court, Marion County.

Suit by the Francois Coal Company against the Troll Coal Company and others. From a decree sustaining a demurrer and dismissing bill of review, plaintiff appeals.

*Affirmed.*

*Carter & Sheets,* for appellant.

*William S. Haymond* and *Frank C. Haymond,* for appellees.

MEREDITH, JUDGE:

Plaintiff on his appeal seeks to reverse a decree sustaining a demurrer to and dismissing its bill of review.

The record shows substantially the following facts:

On August 31, 1920, the plaintiff conveyed to defendant Troll Coal Company, a corporation, certain coal lands in fee and certain mining leaseholds, houses and mining equipment, located on Helen's Run in Marion County, for $220,000, of which $70,000 was paid in cash, and for the residue, amounting to $150,000, the defendant Troll Coal Company executed in favor of plaintiff, Francois Coal Company, its six notes of

.$25,000 each, dated August 31, 1920, and payable respectively with interest payable annually in 6, 10, 14, 18, 22 and 26 months from date. The notes were secured by a vendor's lien retained in the deed. The first note became due February 28, 1921. About the time this note became due the defendant John T. Troll, who was president of the Troll Coal Company, requested the treasurer of the plaintiff company to endorse it to him without recourse and forward it from Clarksburg, West Virginia, to a bank in St. Clairsville, Ohio, where he would take it up. This was done and the amount of the note with its interest, amounting to $25,750, was paid to the plaintiff. The second note not being paid at maturity, at September, 1921 rules, plaintiff filed its bill against defendants Troll Coal Company and John T. Troll, setting up the conveyance and the execution of the notes; that the first of the notes therein described had been paid by defendant John T. Troll, stating therein "said note being assigned by the Francois Coal Company to the said John T. Troll or order without recourse at the request of the said John T. Troll and that said note together with .nterest thereon was paid by the said John T. Troll"; that plaintiff is the owner of the remaining five notes, one of which became due on June 30, 1921, and that that note as well as the other notes and the interest thereon are unpaid; that as will appear from a copy of the deed exhibited with the bill a vendor's lien was reserved on the face of the deed to secure the payment of the purchase money and asks that the property may be sold to satisfy the notes, interest and costs. The bill was signed by V. E. Gocke, plaintiff's treasurer and general manager, as well as by counsel, and was verified by Gocke. Process was served upon the defendants and on December 16, 1921, John T. Troll filed his. answer, admitting the averments of the bill in substance but averring that about the time the first $25,000 note became due the plaintiff sold, transferred and assigned it to him; that he paid therefor the sum of $25,750 out of his own funds and that no part of the same was furnished by his co-defendant Troll Coal Company; that by the assignment

he became the owner and holder of the said note and became subrogated to all the rights of the plaintiff under the vendor's lien retained in said deed for the collection and payment of the note; and that no part of said note or its interest had ever been paid by the Troll Coal Company to the plaintiff prior to the assignment thereof or to said John T. Troll since said assignment and that the full amount thereof was owing to him, a copy of the note with the assignment endorsed thereon was exhibited with his answer with an offer to produce the original note and assignment upon a hearing. On that same day plaintiff filed a general replication, to the answer and the cause was heard upon bill, answer, general replication, with the various exhibits and a decree was entered decreeing that the defendant John T. Troll was the owner of the first note mentioned of $25,000, ascertained the amount thereof then due to be $26,941.72 and that by reason of the assignment to him he was decreed a lien first in priority upon the property for that amount; that of the notes held by the Francois Coal Company, to-wit: the second and third notes were due, and with their interest thereon amounted to $58,383.28; it was decreed a recovery for that amount, and that said company reserved a lien upon the face of its deed to secure the payment of the unpaid purchase money. By the decree, Harry W. Sheets of counsel therein for plaintiff, was appointed special commissioner to make sale, and sale of said mining property was decreed. On February 27, 1922, the special commissioner filed his report of sale showing that pursuant to the decree of December 16, 1921, he sold the property to the Francois Coal Company for $29,100 of which one-third was paid in cash and for the residue the purchaser executed its two notes of $9,700 each, payable with interest. On that same day, there being no exceptions to the report or sale, the report and sale were ratified and confirmed, and the special commissioner was directed to collect the purchase money notes as they matured and, after the payment of costs, to distribute the funds in his hands and which would come into his hands in accordance with the decree of December 16, 1921.

On June 19, 1922, plaintiff Francois Coal Company filed its bill of review in which it sets up the original pleadings, reports, decrees, and papers filed in the original cause and hereinbefore set out, and prays that the decree of sale and the decree confirming sale and all proceedings thereon may be reviewed and reversed, upon the ground that it had discovered since the entry of the decree of sale and the decree confirming sale that the note purported to have been purchased by John T. Troll should not have been decreed to be a lien first in priority on the property and superior in priority to the lien of the five notes held by the plaintiff; that John T. Troll was the president, general manager and treasurer of the Troll Coal Company and that that company had outstanding $100,000 capital stock, of which $75,000 was owned and controlled by Troll; the residue, or $25,000, was owned and controlled by one W. L. Moke; that the plaintiff is informed and therefore avers that said Troll "refusing to comply with an agreement and understanding between the said John T. Troll and W. L. Moke to purchase and pay for said tract of coal in the name of the Troll Coal Company fraudulently attempted to oust from his company the said W. L. Moke and, instead of paying said note from funds of Troll Coal Company, as he had agreed with W. L. Moke so to do, attempted to have the Francois Coal Company transfer said notes to John T. Troll personally, the said John T. Troll attempting by so doing to obtain a personal lien against said coal mining plant and property to the detriment and loss of both the minority stockholders of the Troll Coal Company, and also to the detriment and loss of the Francois Coal Company"; that said note was never legally and properly transferred by plaintiff to John T. Troll; that the endorsement of transfer thereon made by V. E. Gocke was made without the authority of the Francois Coal Company or its Board of Directors; that it was done without any intention on the part of Gocke or transferring said note or the vendor's lien therewith; that plaintiff is informed that said note was paid by the Troll Coal Company and that its payment was secretly and

fraudulently so manipulated by Troll as to make it appear that he, Troll, was personally purchasing the said note; that upon information plaintiff avers that said Troll did not have sufficient funds of his own with which to pay said note and that he used funds belonging to Troll Coal Company or that should have belonged to it in payment thereof; that at the time of the entry of the decree of sale plaintiff had no knowledge of any such facts and could not by reasonable diligence have known so as to make use thereof in the cause previous to the hearing and the entry of said decree; plaintiff also charges upon information and belief that said Troll fraudulently conspired with the officers of the Troll Coal Company and so manipulated the purchase of said note in order to defraud W. L. Moke and the plaintiff; that plaintiff first began to learn of the existence of said newly discovered evidence about the time of the entry of the decree of sale, to-wit, December 16, 1921, and that it first learned of the existence of such evidence during the latter part of February, 1922, when it was advised by W. L. Moke and others of the intent of said Troll relative to the purchase of the note and of his claiming it as a first lien upon the property and of his purpose to eliminate Moke from the said Troll Coal Company. Such in substance is the averment in reference to the newly discovered evidence.

Without waiving any rights of defense, defendants, for the sole purpose of expediting the hearing on the bill of review, on June 19, 1922, appeared, waived process, and consented that the cause might be docketed, entered their demurrer to the bill and moved to dismiss. The demurrer and motion to dismiss were sustained, but plaintiff, though given leave to amend, declined to do so, and the cause was dismissed by the decree complained of, which was entered July 13, 1922.

In support of its bill counsel urge two grounds: (1) Evidence discovered since the entry of the decree of sale, and (2) errors apparent on the face of the record.

A bill of review based on newly discovered evidence can only be filed by express leave of court. *Nichols* v. *Nichols*, 8 W. Va.

174; *Dunfee* v. *Childs*, 45 W. Va. 155, 30 S. E. 102. But it is otherwise if based on error of law apparent on the face of the decree. *West* v. *Shaw*, 32 W. Va. 195, 9 S. E. 81; *Dunfee* v. *Childs, supra.* For the purpose of expediting the hearing, it appears that the bill was filed by an order in term, defendants appeared, waived process, demurred and moved to dismiss. There was no formal petition for leave to file the bill. The application was made by motion. The court does not seem to have considered the question whether plaintiff had a right to file its bill on the showing made, but left that for determination upon the hearing on demurrer and motion to dismiss. Can defendants by demurrer and motion to dismiss question plaintiff's right to file the bill for lack of diligence in discovering new evidence? "A bill of review filed on the ground of newly-discovered evidence is seldom open to demurrer, for inasmuch as it can only be exhibited by leave of the court, the ground of the bill is generally well considered before it is filed." 1 Hogg's Equity Proc. (Carlin's Ed.) §241. Of course, if the alleged new facts are immaterial or irrelevant, a demurrer will lie. *Lorentz* v. *Lorentz*, 32 W. Va. 556, 9 S. E. 886. Some courts take the view that the question of plaintiff's diligence is necessarily a preliminary one to be considered and passed upon when application is made for leave to file the bill upon the ground of newly discovered evidence, and being used and disposed of when the bill is permitted to be filed, it can not again be considered on the hearing on the bill. *Craufurd's Adm'r* v. *Smith's Ex'r.*, 93 Va. 623, 23 S. E. 235, 25 S. E. 657; *Birdsboro Steel Foundry & Machine Co.* v. *Kelly Bros.*, 78 C. C. A. 101, 147 Fed. 713. But where the bill affirmatively shows that the purported newly-discovered evidence was in fact in plaintiff's possession or that with reasonable diligence he might have obtained it to be used at the hearing or before the entry of the final decree, and it appears that there was no consideration of the question whether plaintiff had a right to file his bill of review when it was filed by the court, we think his right to maintain his bill on the ground of newly-discovered evidence may be raised by de-

murrer or motion to dismiss. It would be inequitable after the bill is filed by leave of court, though no proper ground therefor is laid, to proceed with pleadings and proof to final hearing, and though plaintiff had made out a good case, then dismiss the bill for want of proper showing for leave to file his bill. But there is no inequity in requiring him in the preliminary stages to show his right to file the bill. If the court by inadvertence has granted leave to file it, when no proper basis has been shown, we do not think its hands are tied so as to preclude it from dismissing the bill on motion or demurrer, if it shows upon its face that plaintiff has been negligent in bringing forward the facts he claims he has newly-discovered. This question has not been raised by the parties, but it necessarily arises on the record as presented. We therefore must consider whether plaintiff in its averments of newly-discovered evidence has placed itself within the rule.

What are the facts shown? It knew when the assignment was made by its treasurer, that the note was being transferred to Troll. In the bill of review it alleges that this assignment was made without authority; but when the original bill was filed, Troll was made a defendant and plaintiff there averred that the note had been assigned to him, without raising any question of the treasurer's authority. Was the suit brought without plaintiff's authority? It is nowhere so alleged. By the original bill it distinctly recognized Troll as transferee of the note and did not there in any manner question his right. It is now asserted that it did not know that by the assignment of the note a first lien on the property would be assigned with it. It can not be heard to say that it did not know the law. But Troll answered the original bill; averred the assignment to him, exhibited the note and assignment, and distinctly and unequivocally asserted a first lien on the property. Plaintiff's counsel then was fully informed of his claim. Notice to its counsel of record in that suit was notice to plaintiff. *Jones* v. *Pilcher,* 6 Munf. (Va.) 425; *Greenlee* v. *McDowell,* 39 N. C. 481. But notwithstanding this notice, plaintiff was content to

submit the matter on bill, answer and general replication. It permitted the final decree of sale, in which Troll's lien was fixed, to be entered, and so far as the record shows, without protest. Under that decree its own attorney was appointed special commissioner to make the sale. He made it. The property was sold to plaintiff at less than one-seventh of the original purchase price and after the sale had been confirmed, then plaintiff awoke to the fact that Troll's debt was to be paid out of the purchase price before plaintiff would receive anything on its notes. The bill of review shows on its face a lack of diligence on plaintiff's part. Such a bill can not be filed for newly-discovered evidence as a matter of right. Whether it shall be filed rests in the sound discretion of the court and the exercise of that discretion, in granting or refusing leave to file it, will not be disturbed on appeal, except for manifest abuse. Such a bill is designed to accomplish the same purpose in a chancery cause as a motion for a new trial at law and in many respects is governed by the same principles. There are four requisites to obtain a new trial at law for newly-discovered evidence:—discovery after the trial, inability to discover it before by the exercise of reasonable diligence, materiality and non-cumulativeness. All must be present. Lack of any is fatal. *Butts* v. *Butts,* 81 W. Va. 55, 94, S. E. 360; *Bank* v. *Parsons,* 90 W. Va. 51, 110 S. E. 491. As was said by Judge MILLER in *Richmond* v. *Richmond,* 62 W. Va. 219, 57 S. E. 742, "If not for error apparent upon the face of the decree, a petition for rehearing or bill of review must be based either upon newly-discovered matter as a ground of defense not before known, or for newly-discovered proof of a defense known and pleaded, in either case the utmost diligence being required." Because of this lack of diligence, clearly disclosed on the face of the bill, we are of opinion that the bill should not have been filed and it was not error to dismiss it on that ground when the court's attention was called to it.

But plaintiff would sustain its bill because of error apparent on the face of the decree. It failed to point out any in its bill of review, but attempts to do so here by brief of its counsel. That renders the bill defective. Carter v. Allan,

21 Gratt. (Va.) 241. But conceding that the bill of review is defective, plaintiff insists that under authority of *Shenandoah Valley Nat'l Bank* v. *Shirley*, 26 W. Va. 563, we should now correct the decree for error apparent on its face, namely, that the record shows that Gocke, treasurer and general manager of plaintiff company, had no authority to execute the assignment of the note to Troll. *Wheeling Ice & Storage Co.* v. *Conner*, 61 W. Va. 111, 55 S. E. 982, is cited for this last proposition. It may be admitted, without question, that Gocke had no authority to assign the note. But plaintiff received the money by reason of that assignment; when it filed its bill it recognized it as valid; in accepting the benefits of the alleged unauthorized assignment, and retaining the money after knowledge, it made that act its own. It does not now offer to return the money. This amounts to a ratification. *Bank* v. *Parsons, supra.* We can not see any error on the face of the record. We therefore, affirm the decree.

*Affirmed.*