# CHARLESTON.

WILLIE J. THOMPSON *et al. v.* WALTER M. PARSLEY.

(C. C. No. 375)

Submitted January 19, 1926.    Decided January 26, 1926.

1. EQUITY—*Bill of Review Lies to Error of Law, But Not to Erroneous Conclusion on Evidence.*

   A bill of review lies to error of law, but not to an erroneous conclusion on evidence. (p. 637).

   (Equity, 21 C. J. §§ 899, 900.)

2. SAME—*Bill of Review Must Allege Errors of Law by Which Party Exhibiting it Conceives Himself Aggrieved, and Must State Legal Ground for Contention.*

   Such errors of law by which the party exhibiting the bill conceives himself aggrieved must be alleged and the legal ground for the contention stated. (p. 637).

   (Equity, 21 C. J. § 897.)

   100 W. Va.

3. SAME—*Errors of Law Relied on in Bill of Review Must be Collected From Pleadings and Exhibits, Orders and Decrees, and Must be Made Out on Facts Admitted in Pleadings or Stated in Decree as Facts Found; Error of Court in Reaching Wrong Conclusion as to Facts on Evidence Held Not Correctable by Bill of Review, But by Appeal.*

Such error of law on a bill of review must be collected from the pleadings and exhibits filed with the pleadings, and orders and decrees, and must be made out on facts admitted in the pleadings, or stated in the decree as facts found. The depositions cannot be looked to for such purpose. An error of the court in reaching a wrong conclusion as to facts upon the evidence is not correctable by bill of review, but by appeal. (p. 637).

(Equity, 21 C. J. § 900.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Questions from Circuit Court, Mingo County.

Bill by Willie J. Thompson and others against Walter M. Parsley to review a chancery cause in which they were defendants. After overruling a demurrer to plaintiff's bill, the trial court certified questions.

*Ruling reversed.*

*Stokes & Hansbarger,* for plaintiffs.
*Stafford & Rhodes,* for defendant.

WOODS, JUDGE:

The questions certified here involve the sufficiency of a bill of review.

The plaintiffs seek to review a chancery cause, in which they were defendants, instituted and prosecuted to final decree in the circuit court of Mingo county, by Walter M. Parsley. It appears from the record that the bill was regularly filed; that the defendants filed a joint demurrer and answer therein, to which answer there was a general replication; that proofs were duly taken on the issues raised by the pleadings; and that upon the hearing the court entered a decree in favor of the plaintiff. This decree was entered on February, 1925. On the following May, the said plaintiffs filed their bill of review setting up the said bill, answers, orders and decrees,

and making the sole averment that said final decree is erroneous and ought to be set aside and reversed.

Under the practice approved by our decisions you cannot look to the depositions, nor can you correct an erroneous finding or decision of fact on the evidence, which you can only do on appeal; but you can look to the bill and other pleadings, and to all decrees and orders. The error of law must be made out on facts admitted in the pleadings, or stated in the decree as facts found. *Dunn's Ex'rs.* v. *Renick,* 40 W. Va. 363; *Core* v. *Strickler,* 24 W. Va. 697; *Marshall* v. *Nicollette Lumber Co.,* 76 W. Va. 531.

The plaintiffs in the bill under consideration content themselves with the mere declaration that there is error in the decree complained of. What that error is, is not pointed out. This Court has repeatedly held this procedure necessary. For instance: (1) Where an absolute decree against infants has been rendered, without any plea or answer in their behalf, they having no day in court to show cause against it. *Lee* v. *Braxton,* 5 Call (Va.) 459. (2) Where the court, having jurisdiction of the parties and the subject matter, renders a decree which is erroneous because the plaintiff had no cause of action or right to bring the suit. *Peirce* v. *Graham,* 85 Va. 227. (3) Where there is an error in the decree in the calculation of interest. *Bank* v. *Shirley,* 26 W. Va. 563. (4) Where a decree is void, because foreign to the purpose and nature of the suit. *Waldron* v. *Harvey,* 54 W. Va. 608. (5) Where a decree ascertains the amounts and priorities of all the debts sought to be established in the cause, as liens on real estate, orders said debts to be paid and the sale of the real estate on which said debts are adjudged to be liens. *Core* v. *Strickler, supra.*

There are but two causes, for which a bill of review will be admitted or allowed, and they are either error in law, appearing on the face of the decree, or some new matter, which has arisen in time after the decree and not any new proof, which might have been used, when the decree was made, by the exercise of reasonable diligence. *Amiss* v. *McGinnis,* 12 W. Va. 371. The bill of review in the instant case is evidently filed for errors of law upon the face of the decree and

for such errors alone. The case, sought to be reviewed, so far as we can see from the record was regularly brought, and determined upon the issues raised therein, and upon the proofs properly taken in support thereof. The errors by which the party exhibiting the bill conceives himself aggrieved should be alleged and the legal ground for the contention stated. Hogg's Eq. Proc. § 236; *Amiss* v. *McGinnis, supra; Dunn's Ex'rs.* v. *Renick, supra.*

As in the case of bills in equity generally, the allegations must be definite and certain, and even stronger reasons apply why there should be strictness in the averment, than in most classes of suits. 21 C. J. 740. In *Perry* v. *Phelips*, 17 Ves. Jr. 174, Lord Eldon said: "There is a great distinction between error in the decree and error apparent. The latter description does not apply to erroneous judgments, and this is a point of essential importance; as, if I am to hear this case upon the ground that the judgment is wrong, and that there is no error apparent, the consequence is that in every instance a bill of review may be filed; and the question whether the case is well decided will be argued in that shape, not whether the decree is right or wrong on the face of it. The cases of error apparent, found in the books, are of this sort, an infant not having a day to show cause, etc., not merely an erroneous judgment." *Huffman* v. *Knox*, 50 Fed. 484; *Burson* v. *Dosser*, 48 Tenn. 754. It will be seen that there is a distinction between error apparent and error in the decree. The averment in the bill here not only fails to set out the error but leaves the pleading doubtful as to whether an error apparent of law is meant or whether the decree is merely improper, because based upon erroneous conclusions of fact.

If the plaintiffs can make a proper case, under the principles of law and rules of procedure herein announced, the circuit court may grant them leave to amend. However, under the present state of the record the action of the circuit court in overruling the demurrer must be reversed.

*Ruling reversed.*