JACK D. ROY, *et al.*

*v.*

TRUMAN BENNETT, *et al.*

(No. 10725)

Submitted September 7, 1955. Decided November 8, 1955.

*John A. Cain,* for appellants.

*Joseph J. Madden, Bonn Brown,* for appellees.

HAYMOND, JUDGE:

On this appeal the defendants, Truman Bennett, Burley Woods, and Elmer Woods, assail as erroneous a decree rendered against them by the Circuit Court of Randolph County on August 25, 1954, upon a bill of review filed by the plaintiffs, Jack D. Roy and Elta Roy, to correct error of record in a former decree entered on July 14, 1952, in a suit in equity instituted by them in that court in June, 1950, against the defendants and James Woods, who died during the pendency of this suit and whose heirs are the defendants Burley Woods and Elmer Woods.

In their verified original bill of complaint, filed at June Rules, 1950, the plaintiffs, as owners of a tract of land containing about nine acres, in Randolph County, West Virginia, which is a part of a larger tract of land owned by the defendants whose grantee conveyed the

nine acre tract to the plaintiffs, seek an injunction to restrain and inhibit the defendants from preventing the plaintiffs from using a private road through the land of the defendants leading from a public road to the land of the plaintiffs, to require the defendants to remove all obstructions placed by them upon and across such private road, and to restrain and inhibit the defendants from interfering with and moving an external line of the tract of land owned by the plaintiffs.

To the original bill of complaint the defendants filed their verified answer in which they deny the material allegations of the original bill of complaint. Though the answer alleges that the plaintiffs, without the consent of the defendants, have moved and destroyed a portion of a fence constructed by the defendants upon the boundary between their land and the land of the plaintiffs in an effort to encroach upon and unlawfully use the land of the defendants to their damage and detriment, the answer does not pray for injunctive relief against the plaintiffs. The prayer is that the defendants be awarded damages for the injuries sustained by them, that the suit be dismissed, that the defendants recover their costs, and that they be granted general relief.

The case was heard upon the original bill of complaint, process executed upon the defendants, the answer of the defendants, former decrees, and the report of surveyors previously appointed by the court; and by decree, entered in vacation on January 11, 1952, the regular judge of the court adopted the report of the surveyors which fixed and designated the boundary of the tract of land of the plaintiffs and stated that a garage of the plaintiffs extended over the line and upon the land of the defendants for a distance of approximately two feet; found the boundary as reported by the surveyors to be correct; directed the plaintiffs, within a reasonable time, to remove the garage from the land of defendants; and awarded costs against the plaintiffs.

Upon motion of the plaintiffs, by decree entered on

March 5, 1952, the court cancelled and set aside the decree entered in vacation on January 11, 1952, and directed that the cause proceed to final hearing.

On July 14, 1952, the circuit court, the regular judge sitting, entered a decree which recited that the cause came on to be finally heard upon the bill of complaint, upon process duly executed upon the defendants, upon their joint and several answer, upon the decrees formerly entered, upon the evidence introduced by both the plaintiffs and the defendants at the bar of the court, upon the report of the surveyors, and upon the submission of the cause for final decision, and contained these provisions:

"And it further appearing to the Court that the road in question extending from the State road through the Defendants' lands to the lands of the Plaintiffs' is a private road and that the said Plaintiffs have failed to disclose in the hearings of this cause that they had ever acquired a right-of-way over said private road by either grant, implication or prescription or by adverse possession in the statutory period of use and adverse to the permissive use of same by the said Defendants. And it further appearing to the Court that the Plaintiffs have failed to disclose that they acquired a right-of-way from their predecessors in title or that the said private road is a way of necessity as the only means of ingress and egress to and from their lands and that the evidence disclosed another road of travel that is accessible to the Plaintiff's lands that extends through said lands and is in use by the traveling public in general.

"Whereupon the Court is of the opinion and doth disallow an injunction to the Plaintiffs in this cause as the evidence will not warrant same."

The decree also adopted the boundary between the land of the plaintiffs and the land of the defendants as determined by the surveyors and set forth in their report; provided that the parties should locate their respective fences in accordance with the boundary as so determined;

required the plaintiffs to remove their garage from the lands of the defendants within thirty days from the entry of the decree; inhibited, restrained and enjoined the plaintiffs from trespassing upon the land of the defendants and from using a road which extended through the land of the defendants to the land of the plaintiffs which was declared to be a private road for the exclusive use of the defendants; and awarded costs against the plaintiffs.

On December 5, 1952, the plaintiffs presented their bill of review, duly verified, against the defendants, Truman Bennett, Burley Woods and Elmer Woods, to correct error in law appearing from the record, together with the original record, which included the pleadings, other papers filed, and the former decrees entered in the cause, as an exhibit with the bill of review. The evidence submitted by the parties, upon which the findings of fact set forth in the final decree of July 14, 1952 were made and that decree was based, was not transcribed and was not made a part of the record.

The bill of review specifies as error in law appearing upon the record the action of the court (1) in entering the decree of July 14, 1952, because the case had not been fully developed by the plaintiffs whose evidence did not relate to the merits and was offered only in support of their application for an injunction; (2) in confirming the report of the surveyors without passing upon the exceptions filed by the plaintiffs to the report; (3) in holding that the plaintiffs did not have a way of necessity from their land through the land of the defendants; (4) in awarding the defendants an injunction against the plaintiffs; and (5) in changing the location of the road which extended from the land of the plaintiffs through the land of the defendants to the public highway.

The prayer of the bill of review is that the defendants Truman Bennett, Burley Woods and Elmer Woods be made defendants to the bill of review; that process be issued against them; that they be required to answer

under oath; that the final decree of July 14, 1952, be reviewed, reversed and set aside; that pending a determination of the matters alleged in the bill of review the defendants be inhibited, restrained and enjoined from preventing the full and free use by the plaintiffs of the road extending from the land of the plaintiffs through the land of the defendants to the public road; that the defendants be required immediately to remove all obstructions placed by them upon and across the road; and that the plaintiffs be granted general relief.

By decree entered by the regular judge on December 5, 1952, the court permitted the bill of review to be filed, remanded it to rules for issuance and service of process, and granted a temporary injunction as prayed for by the plaintiffs. The defendants filed their demurrer to the bill of review on December 29, 1952, and by decree entered by the regular judge on June 9, 1953, the demurrer was overruled. On June 11, 1953, the defendants filed their verified answer in which they deny the material allegations of the bill of review.

On September 1, 1953, in a conference between a special judge, who had been selected to hear the cause, and counsel for the respective parties, the court made, among others, these statements: "This is on a bill of review * * * I think in the original case the court erred in holding that these plaintiffs didn't have a right to use that road from their land out to the public road. * * *. The proof that was taken in this case is not in the record, but my position as it stands would be that these plaintiffs are entitled to use this road from their land out to the public road, * * * .

"I hold that inasmuch as this land was sold out of the Bennett tract, here is a road already established, and I take it from the record he would have a right to go from this road on his own land or go down here through the Bennett land and reach the road down there — that would be straight down the grade — which would be, as I see it, the practical place to get out. You can introduce

any evidence you want, as far as that's concerned, but as I see the case the only question in this is whether or not the plaintiffs shall go down through the defendants' land until they reach this private road, or whether they go out by the garage on their own land."

The court inquired of counsel for the parties if they desired to introduce evidence concerning the claim of the plaintiffs to the right of way and its location and counsel indicated that they wished to offer evidence with respect to those matters. The court then made this additional statement: "In consideration of a bill of review, as I have stated before, you can only consider two things: one, newly discovered evidence, or error on the face of the record, but I take it that Judge Dailey erred when he refused to permit the plaintiffs to use this private road out to the public road, and that's a matter on the record."

Following this conference the plaintiffs introduced the testimony of numerous witnesses to establish a road from their land through the land of the defendants to the public road and their right to use it and the defendants introduced the testimony of several witnesses to controvert the claim of the plaintiffs. This testimony was transcribed, filed and certified as a part of the record in this case.

On August 25, 1954, this cause was finally heard upon the bill of review and process executed upon the defendants, upon the answer of the defendants and the general replication of the plaintiffs; upon all former proceedings; and upon the evidence offered by the respective parties. By final decree, entered on that date by the special judge, the court held that the plaintiffs were entitled to the relief prayed for in the bill of review and reversed, cancelled and set aside the earlier decree entered on July 14, 1952. By the final decree the court also held that the plaintiffs were entitled to a road extending from the property line between the land of the plaintiffs and the land of the defendants over the land of the defendants.

to the public highway; located the center line of the road as determined by the report of a recent survey, which was filed and confirmed, and fixed the width of the road at fifteen feet; made permanent the temporary injunction previously awarded the plaintiffs, as prayed for in the bill of review; overruled the exceptions of the plaintiffs to the earlier report of the surveyors and confirmed the report; adopted the external boundary of the land of the plaintiffs as designated in the report by metes and bounds; directed the defendants not to encroach upon the land of the plaintiffs as described in the report of the surveyors; provided that all fences built by the plaintiffs or the defendants should be placed on the designated boundary between their lands; required the plaintiffs to remove within sixty days any building of the plaintiffs which extended beyond the boundary of their land; enjoined the defendants from interfering with or moving the established external boundary of the land of the plaintiffs; and awarded costs against the defendants.

From the foregoing decree of August 25, 1954, this appeal was granted upon the application of the defendants.

The defendants assign as error the action of the court (1) in overruling their demurrer to the bill of review; and (2) in reversing the decree of July 14, 1952, upon the bill of review.

This Court has consistently held that a bill of review will lie only for error in law appearing on the face of a decree or for newly discovered evidence which, by the exercise of due diligence, could not have been used when the decree was rendered. *Richmond* v. *Richmond*, 62 W. Va. 206, 57 S. E. 736; *Weldon* v. *Collison*, 119 W. Va. 306, 193 S. E. 441; *Thompson* v. *Parsley*, 100 W. Va. 635, 131 S. E. 468; *Francois Coal Company* v. *Troll Coal Company*, 93 W. Va. 229, 116 S. E. 151; *Dingess* v. *Marcum*, 41 W. Va. 757, 24 S. E. 624; *Middleton* v. *Selby*, 19 W. Va. 167; *Amiss* v. *McGinnis*, 12 W. Va. 371; *Nichols* v. *Heirs of Nichols*, 8 W. Va. 174. The error in law required for a bill of review for error

appearing on the face of the decree must be collected from the pleadings, the exhibits filed with them, and the orders and the decrees, and it must appear from the facts admitted in the pleadings or stated in the decree as facts found; and such error in law by which the party exhibiting the bill of review conceives himself to be aggrieved must be alleged and the legal ground for the conclusion must be stated. *Thompson* v. *Parsley,* 100 W. Va. 635, 131 S. E. 468; *Francois Coal Company* v. *Troll Coal Company,* 93 W. Va. 229, 116 S. E. 151; *Wethered* v. *Elliott,* 45 W. Va. 436, 32 S. E. 209; *Dunn's Ex'rs* v. *Renick,* 40 W. Va. 349, 22 S. E. 66; *Amiss* v. *McGinnis,* 12 W. Va. 371.

All the alleged errors which appear on the face of the decree of July 14, 1952, except the alleged error in confirming the report of the surveyors without passing upon the exceptions filed by the plaintiffs to the report and the alleged error in granting the defendants an injunction against the plaintiffs in the absence of allegations entitling the defendants to the injunction and a prayer for that relief in the answer, are not errors in law. If they may be considered as errors they must be regarded as errors which have resulted from erroneous conclusions in determining matters of fact as shown by the evidence. As to those alleged errors the bill of review is fatally defective and is insufficient in law; for upon a bill of review for error in law appearing of record the court can not review the evidence to correct an error of judgment relating to matters of fact. *Thompson* v. *Parsley,* 100 W. Va. 635, 131 S. E. 468; *Marshall* v. *Nicolette Lumber Company,* 76 W. Va. 531, 85 S. E. 723; *Kanawha Oil and Gas Company* v. *Wenner,* 71 W. Va. 477, 76 S. E. 893, 43 L. R. A., N. S., 559; *Dunfee* v. *Childs,* 59 W. Va. 225, 53 S. E. 209; *Wethered* v. *Elliott,* 45 W. Va. 436, 32 S. E. 209; *Dunn's Ex'rs* v. *Renick,* 40 W. Va. 349, 22 S. E. 66; *Lorentz* v. *Lorentz,* 32 W. Va. 556, 9 S. E. 886; *Nichols* v. *Heirs of Nichols,* 8 W. Va. 174; *Thompson* v. *Edwards,* 3 W. Va. 659. "A bill of review lies to error of law, but not to an erroneous conclusion

on evidence." Point 1, syllabus, *Marshall* v. *Nicolette Lumber Company*, 76 W. Va. 531, 85 S. E. 723.

The alleged error in confirming the report of the surveyors without passing upon the exceptions of the plaintiffs, if error resulted from that action by the court, was harmless and inconsequential. By the decree of July 14, 1952, which adopted the boundary as determined and reported by the surveyors, the court in effect overruled the exceptions of the plaintiffs to the report; and the action of the court in confirming the report removed any defect or irregularity which occurred by reason of the failure of the court to make a specific ruling on the exceptions filed by the plaintiffs.

With respect to the alleged error in the action of the court in granting the defendants an injunction against the plaintiffs, in the absence of allegations of fact in the answer of the defendants justifying injunctive relief, and in the absence from the answer of a prayer for such relief, the alleged erroneous action of the court constitutes an error in law which appears from the pleadings and on the face of the decree.

The pleadings in a suit in equity or an action at law must be sufficient to support the judgment, and a judgment rendered upon a pleading which fails to state a cause of action is erroneous. *Cato* v. *Silling*, 137 W. Va. 694, 73 S. E. 2d 731; 49 C. J. S., Judgments, Section 40b. There can be no valid decree without proper pleadings to support it. *Wolford* v. *Wolford*, 133 W. Va. 403, 56 S. E. 2d 614; *Cecil* v. *Karnes*, 61 W. Va. 543, 56 S. E. 885. A decree in equity and a judgment at law must have a basis in the pleadings and the evidence. 41 Am. Jur., Pleading, Section 381. In *Waldron* v. *Harvey*, 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959, this Court said "A decree, or any matter of a decree, which has no matter in the pleading to rest upon is void, because pleadings are the very foundation of judgments and decrees." In *Vance Shoe Company* v. *Haught*, 41 W. Va. 275, 23 S. E. 553, this Court held in point 1 of

the syllabus "There can be no decree without allegations in the pleading to support it." See also *Cato* v. *Silling*, 137 W. Va. 694, 73 S. E. 2d 731; *Kesterson* v. *Brown*, 94 W. Va. 447, 119 S. E. 677; *Simmons* v. *Yoho*, 92 W. Va. 703, 115 S. E. 851; *Simmons* v. *Simmons*, 85 W. Va. 25, 100 S. E. 743; *Black* v. *Crouch*, 85 W. Va. 22, 100 S. E. 749; *Conrad* v. *Crouch*, 68 W. Va. 378, 69 S. E. 888; 11 Michie's Jurisprudence, Judgments and Decrees, Section 23. The decree of July 14, 1952, insofar as it awards an injunction against the plaintiffs, there being no basis in the pleadings for injunctive relief against the plaintiffs, was void and of no force and effect and that error in the decree is an error in law which appears on the face of the decree. A void decree may be attacked upon a bill of review. *Waldron* v. *Harvey*, 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959. The allegation in the bill of review as to that provision in the decree specifies an error in law appearing on the face of the decree and renders the bill of review sufficient in law. For that reason the plaintiffs were entitled to file the bill of review and the action of the court in filing it and in overruling the demurrer of the defendants to it was proper.

Though the circuit court upon the hearing upon the bill of review did not consider the evidence at the original hearing of the case on which the decree of July 14, 1952 was based, it is clear that it did undertake to review and reverse the finding based upon the evidence submitted at the original hearing and the conclusion drawn from that evidence as indicated in that decree. Without consideration of that evidence, which, not having been transcribed or preserved, was not available for examination or consideration, the court upon the hearing upon the bill of review manifestly could not determine whether the finding made by the court upon the evidence introduced upon the original hearing was supported by the evidence or whether the conclusion at which it arrived from the evidence was correct.

If, however, the evidence on which the decree of July

14, 1952 and the conclusion reached and set forth in it were based had been available, that evidence could not have been considered by the court upon the hearing upon the bill of review to reverse the finding upon the facts or to correct the conclusion deduced from them; and the action of the court in its effort to do so was of no valid force or effect. It is well settled by numerous decisions of this Court that when, as here, a bill of review is filed to review and reverse a decree for error appearing on the face of the decree the evidence can not be reviewed or considered to correct an error by the court in reaching a wrong conclusion as to the facts disclosed by the evidence, and that an error of judgment relating to matters of fact can not be corrected by bill of review for error in law but is correctible only by appeal. *Thompson* v. *Parsley,* 100 W. Va. 635, 131 S. E. 468; *Marshall* v. *Nicolette Lumber Company,* 76 W. Va. 531, 85 S. E. 723; *Kanawha Oil and Gas Company* v. *Wenner,* 71 W. Va. 476, 76 S. E. 893, 43 L. R. A., N. S., 559; *Dunfee* v. *Childs,* 59 W. Va. 225, 53 S. E. 209; *Wethered* v. *Elliott,* 45 W. Va. 436, 32 S. E. 209; *Dunn's Ex'rs* v. *Renick,* 40 W. Va. 349, 22 S. E. 66; *Lorentz* v. *Lorentz,* 32 W. Va. 556, 9 S. E. 886; *Middleton* v. *Selby,* 19 W. Va. 167; *Nichols* v. *Heirs of Nichols,* 8 W. Va. 174; *Thompson* v. *Edwards,* 3 W. Va. 659. In point 2 of the syllabus in *Lorentz* v. *Lorentz,* 32 W. Va. 556, 9 S. E. 886, this Court held that "Where errors apparent on the face of the decree are relied on in the bill of review to reverse the same, it is not allowable to look into the evidence in the case to show that the decree is not supported by the facts proven." In the opinion in *Marshall* v. *Nicolette Lumber Company,* 76 W. Va. 531, 85 S. E. 723, in affirming a decree which dismissed a bill of review, this Court said: " * * * no error was committed in entering the former decree unless it be that the court wrongly adjudged the issue of fact arising on the pleadings and evidence. On bill of review we have no province to correct such error if it exists. A bill of review lies to error of law, but not to an erroneous conclusion on evidence."

That pronouncement applies in the case at bar.

Upon the hearing upon the bill of review the circuit court, after deciding to disturb the finding of fact and to reverse the conclusion drawn from the evidence expressed and adopted in the decree of July 14, 1952, reopened the case for general rehearing, permitted evidence to be introduced to establish the existence and the location of the road claimed by the plaintiffs and evidence to defeat the claim of the plaintiffs to be introduced by the defendants; and upon the evidence so introduced set aside the finding of fact recited in that decree, substituted an opposite finding of fact, reversed, cancelled and annulled the decree in favor of the defendants, and entered the final decree of August 25, 1954, which granted the plaintiffs the relief prayed for in their bill of complaint. It was not the province of the court to adopt and follow that procedure upon the hearing of a bill of review to correct error in law appearing on the face of the decree of July 14, 1952, and that action by the court constituted reversible error. Upon a bill of review for error in law appearing on the face of the decree the court should review the case and in one decree correct the error, but it can not reopen the case for general rehearing. "A bill seeking to review a cause for errors apparent on the record cannot re-open the case for general rehearing. The procedure brings about an appeal for error, not a reopening for a continuation of the cause." Point 2, syllabus, *McIlwaine Knight and Company* v. *Fielder,* 76 W. Va. 111, 85 S. E. 548.

The only action which should have been taken upon the hearing upon the bill of review was to modify the decree of July 14, 1952, to the extent necessary to correct the error in law in awarding the defendants an injunction, and, as so modified, to reenter that decree.

The final decree of August 25, 1954, entered upon the hearing upon the bill of review, is reversed and set aside

and this cause is remanded to the Circuit Court of Randolph County for the entry of a decree in accordance with the principles enunciated in this opinion.

*Reversed and remanded with directions.*